## W. O. CALDWELL v. THE STATE.

### No. 9015.   Delivered June 10, 1925.

**1.—Possessing Intoxicating Liquor—Charge of Court—''Prima Facie'' Evidence.**

Where on a trial for the possession of intoxicating liquor, the court charged the jury to convict appellant if they believed beyond a reasonable doubt that he was found in possession of intoxicating liquor of more than one quart, that the law then presumes that such possession, if any, was for the purpose of sale, such charge was erroneous in assuming that possession of more than one quart of whisky was *conclusive* proof of guilt under a change of possession for the purpose of sale.

**2.—Same—Continued.**

Under the provisions of Sec. 2e, Chap. 22, Acts 38 Leg., second C. S. it is declared that the possession of more than a quart of intoxicating liquor shall be "prima facie" evidence of guilt, but when this principle is given in charge to the jury, all of the statute should be given in the charge, and in the language of the statute.   See Pettit v. State, 90 Tex. Crim. Rep. 336, Veasey v. State, 260 S. W. 1055 and other cases cited.

**3.—Same—Continued.**

The prima facie legal effect of possession of more than one quart of intoxicating liquor, may be overcome by proof, and it is always necessary to charge the jury the meaning of prima facie evidence, and to pertinently instruct them that the appellant had the right to overcome this presumption by proof, to the end that the jury may determine the purpose of the possession. See Walden v. State, No. 8776 recently delivered.

Appeal from the District Court of Bowie County.   Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction for possession of intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

*King, Mahaffey & Wheeler,* and *W. O. Caldwell,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the district court of Bowie County for the offense of possessing liquor and his punishment assessed at confinement in the penitentiary for a term of two years.

The following charge was given to the jury:

"You are further instructed that if you believe from the evidence beyond a reasonable doubt that the defendant had in his possession as aforesaid, intoxicating liquor of more than one quart, then the law presumes that such possession, if any, was for the purpose of sale."

Appellant testified that he did not know what was in the kegs that were found in the house where he roomed and that he merely took them out of the house in order to destroy them and that this was the extent of his possession.

The charge nowhere submitted to the jury the question as to whether the whiskey was possessed for sale, except in the first paragraph and in that the jury is merely told that if appellant had in his possession intoxicating liquor for the purpose of sale then to find the defendant guilty as charged in the indictment. It seems that the court proceeded upon the theory that possession of more than a quart of whiskey was conclusive proof of guilt under a charge of possession for the purpose of sale. It has been held that it is necessary that the purpose for which liquor is possessed be submitted to the jury. Pettit v. State, 90 Texas Crim. Rep. 336. Veasey v. State, 260 S. W. 1055. We think in this case that the trial court misconceived the effect of Section 2e, Chapter 22, Acts 38th Legislature Second Called Session, in which it is declared that the possession of more than a quart of intoxicating liquor shall be prima facie evidence of guilt. If this principle is charged at all, certainly all of the statute ought to be charged and in the language of the statute. The validity of that statute has been upheld by this court upon the express ground that it did not reflect the purpose of the Legislature to declare that the possession of more than a quart of liquor was absolute or conclusive proof of guilt, but that it was prima facie evidence. Floeck v. State, 34 Texas Crim. Rep. 314. Stoneham v. State, 268 S. W. 156. Newton v. State, 267 S. W. 272.

We think it clear in the instant case that the effect of the charge complained of was to instruct the jury to convict the defendant for possession for the purpose of sale if they believe that he had in his possession liquor in quantities of more than one quart; while it was proper for the court to tell the jury that prima facie the State discharged its burden of proof when it showed that he had in his possession more than one quart of intoxicating liquor, but the charge should have gone further upon the exceptions urged to it and have told the jury the meaning in substance of prima facie evidence, and

should have pertinently instructed them that the appellant had the right to overcome this presumption by proof.

Almost the identical question here discussed was before this court in the case of Walden v. State, No. 8776, not yet reported, and the opinion in that case sustains the views we have expressed herein.

For the error above noted, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.