GUY STEPHENS v. THE STATE.

No. 10885.    Delivered June 24, 1927.

1.—Possessing Intoxicating Liquor—Charge of Court—Additional Instructions—Erroneous.

Where the court in his charge had correctly defined "prima facie evidence," and after considering the case, the jury requested further instructions, and were then instructed that if appellant possessed more than one quart of liquor the jury must presume that such possession was for the purpose of sale.

2.—Same—Continued.

This additional instruction was error. The statute does not make the proof of possession of more than one quart an absolute proof of guilt. The matter of guilt must be left to the jury as a question of fact, and not determined by the court as a legal presumption. See Walden v. State, 272 S. W. 139, and other cases cited.

Appeal from the District Court of Kaufman County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*G. O. Crisp* of Kaufman, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is the unlawful possession of intoxicating liquor, punishment fixed at confinement in the penitentiary for one year.

Acting under a search warrant, the premises of the appellant

were searched and found to contain about three gallons of whiskey. There were also some empty fruit jars and a barrel of mash. The whiskey was buried on the premises.

At the time of reading his main charge the court instructed the jury, giving them a definition of "prima facie evidence" in substantially the same language as that term was defined in Floeck v. State, 34 Tex. Crim. Rep. 314. After considering the case, the jury came into open court and requested that they be given further instructions upon the law of "prima facie evidence." The court gave them an additional charge, using this language:

"Now, if you believe from the evidence beyond a reasonable doubt, that the defendant possessed more than one quart of intoxicating liquor at the time and place charged in the first count in the indictment, the law presumes and you must presume that such possession was for the purpose of sale."

This charge was in effect an instruction to the jury that if they believed, beyond a reasonable doubt that the appellant possessed more than one quart of intoxicating liquor, they must find him guilty. This is giving an interpretation to the statute on "prima facie evidence," which goes beyond that which the law permits. The statute does not make the proof of possession of more than one quart of liquor an absolute proof of guilt. The matter of guilt must be left to the jury as a question of fact, and not determined by the court as a legal presumption. See Walden v. State, 272 S. W. 139, and cases cited; also Veasey v. State, 97 Tex. Crim. Rep. 299; Caldwell v. State, 273 S. W. 608. The State's Attorney before this court concedes that the action of the court is erroneous, and in this view we concur.

There are other questions raised, but in view of the disposition made, a discussion of them is not deemed necessary.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*