## Bonnie Harris v. The State.

No. 12336.   Delivered February 27, 1929.
Rehearing granted April 3, 1929.

The opinion states the case.

*Lane & Lane* of Marshall, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State. ·

MARTIN, Judge.—Offense, the unlawful possession for the purpose of sale of intoxicating liquor; penalty, three years in the penitentiary.

Officers operating under a search warrant found on the premises of appellant about seven and a half gallons of corn whisky, one hundred gallons of mash, ten empty kegs and a fifty-gallon cooker. Testimony of the officers to these facts was objected to on the ground that the search warrant and the affidavit upon which it was based were each invalid.   The affidavit was sworn to by two affiants, who on oath deposed that "Bonnie Harris is the owner and holder of and has in his possession and control, unlawfully and for

sale, spirituous, vinous and malt liquors capable of producing intoxication other than for medicinal, mechanical, scientific or sacramental purposes, the exact amount and quantity of which is to each of said affiants unknown." The affidavit further unqualifiedly and positively stated as a fact that appellant was in possession of equipment for manufacturing liquor. The premises to be searched were described as "located 13 miles south from the City of Marshall, Texas, south of the Marshall and Carthage dirt road, being the home, residence and dwelling house occupied, inhabited and lived in by the said Bonnie Harris." At the conclusion of said affidavit appears the following language: "Affiants have been informed that Bonnie Harris keeps intoxicating liquor for the purpose of sale."

Two points only appear to be made by appellant as to the insufficiency of this affidavit.

It is first contended that it is upon information and belief and therefore within the rule laid down in Chapin v. State, 296 S. W. 1095. We do not so regard it. The affidavit appears to be made up of the positive averment of the existence of facts within the knowledge of affiants. The last clause in the affidavit could hardly be said to be a qualification of these positive facts but if it is intended to be, we are of the opinion that it would be a sufficient basis for the issuance by the magistrate of a search warrant, being an exhibition of the information possessed by affiants showing the existence of probable cause. Rozner v. State, 3 S. W. (2d) 441.

We are further of the opinion that the quoted language above sufficiently identifies the premises. Ross v. State, 11 S. W. (2d) 516.

It is vigorously insisted that the evidence is insufficient to show appellant's connection with the offense since it is not shown that he occupied the premises at the time of the search. Appellant appears to have been absent from home when the officers searched the premises in controversy. We quote literally a part of the testimony of Mr. Henderson, witness for the State and one of the searching officers:

"I know Bonnie Harris. I know where he lives. He lives down here about 13 miles, a little southeast of here. He lives on the Carthage road; well, he lives off the Carthage road, just a little neighborhood road that leads from the Carthage road to his place. He lives on the south side of the road."

Then follows testimony showing the result of the search of this particular place. We deem this sufficient.

Our opinion as to the sufficiency of the affidavit is limited to the objections appearing in the record, and is not to be construed as a holding that such an affidavit is sufficient under all circumstances.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the motion for rehearing attention is directed to the fact that original opinion overlooked the complaint made of the description of the premises in the search warrant. The warrant reads thus:

"* * * located in, at, on and about a certain house and premises located 13 miles south from the city of Marshall, Texas, south of the Marshall and Carthage road."

The description of the place to be searched is essential. It is so declared in the Constitution, Art. 1, Sec. 9. See also Cornelius on Search & Seizure, Sec. 117, p. 318; Dupree v. State, 102 Tex. Rep. 466. To the mind of the writer the description of the premises is obviously insufficient. It is a house located thirteen miles south of the city of Marshall and south of the Marshall and Carthage dirt road. Concerning the kind of house, the name of the owner or occupant, the distance south of the Marshall and Carthage road, whether in Harrison or Panola County, if in either, the warrant is silent. Descriptions somewhat meagre have been held sufficient to guide the officer possessing the search warrant to the property intended. See Hernandez v. State, 4 S. W. (2d) 82; Watson v. State, 9 S. W. (2d) 265. In those cases the locality of the premises was described with some degree of certainty and the possessor of the premises to be searched was named. The recitals in the present instance wholly fail to meet the requirement of the Constitution in the particular mentioned. The receipt of evidence introduced in the present instance, obtained by officers in the execution of an invalid search warrant, was forbidden by Art. 727a, C. C. P., 1925. In receiving the testimony over the objection mentioned there was material error committed, and for which reason the motion for rehearing is granted, the affirmance is set aside, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*