JUAN CARDNESS v. THE STATE.

No. 13311.  Delivered April 30, 1930.
Reported in 27 S. W. (2d) 812.

The opinion states the case.

*O. M. Herring* of Palo Pinto, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The possession of intoxicating liquor for the purpose of sale is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

The criminating evidence comes from officers who acquired their information through the execution of a search warrant, the affidavit for which reads as follows:

"Before me, L. C. Link, a Justice of the Peace in and for said County, on this day personally appeared D. S. Bradford and Will Ready, who after being by me duly sworn, on their oaths depose and say: that Juan Cardness is engaged in unlawful sale of intoxicating liquors and keeps and possesses intoxicating liquors for the purpose of sale, at, in and near the following described place, building and structure, towit: situated North West from Thurber one mile and one half, situated in Palo Pinto County, Texas; that the sale of such liquors and the keeping of same as aforesaid is a common and public nuisance."

The sufficiency of the affidavit is assailed upon the ground that the place to be searched is not described with the certainty required by law. Among the requisites of an application for a breach warrant is the description of the place intended to be searched. This is made evident by the various articles in Title 6, C. C. P., notably

Arts. 310, 312, 315 and 316, and also in Art. 1, Sec. 9 of the Constitution, wherein it is said:

"No warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, etc." See Cornelius on Search and Seizure, sec. 116, page 317.

Complaint of the action of the court in receiving over the appellant's objection the testimony of the officers is properly presented by various bills of exception. The objection should have been sustained. Harris v. State, 15 S. W. (2d) 1048; Hernandez v. State, 109 Tex. Cr. R. 246; Watson v. State, 9 S. W. (2d) 265; Odell v. State, 105 Tex. Cr. R. 646.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*