BUSTER SMITH v. THE STATE.

No. 13979.   Delivered February 25, 1931.

The opinion states the case.

*R. C. Musslewhite,* of Lufkin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

This case must be reversed for the following reasons: First, the trial court told the jury in his charge that the possession of more than a quart of intoxicating liquor was prima facie evidence that same was possessed for the purpose of sale, but failed to define what was meant by prima facie evidence. The failure was excepted it. Caldwell v. State, 101 Texas Crim. Rep., 76, 273 S. W., 608; Ayres v. State, 21 Texas App., 399, 17 S. W., 253.

The court erred in admitting, over objection, testimony from several witnesses as to facts discovered by a search of the premises of appellant's grandmother at which house he lived, under a search warrant. The only description of the premises to be searched, found in said warrant, was "The home or private residence of Mrs. (or Grandma) Smith." This was most indefinite, and certainly not sufficient. Whether said residence was in any city or town, or on any road or street, or near any public place or natural object, or in any direction or distance from same, is left wholly uncertain.

The facts in evidence are such as to leave us in serious doubt as to their sufficiency. The affidavit averred that Mrs. H. G. Loftin had in her possession and control and kept for sale spirituous, vinous and malt liquor capable of producing intoxication, at the home of Mrs. (or Grandma) Smith on Pole Avenue, near the private residence of E. A.

Mantooth about eight-tenths of a mile from the court house in the town of Lufkin, Angelina County, Texas. The search warrant directed the search of the house or private residence of Grandma Smith,—as above stated, a location wholly undescribed. The testimony of the parties who searched the premises indicated the presence of four or five adults, one of whom was appellant's sister shown by testimony to have been sick in bed. The State introduced four witnesses who testified that upon a search of the residence of Grandma Smith a gallon of whisky and about a half pint of whisky and some empty bottles were found. None of it seems to have been found on the person of appellant, nor, as far as we can tell from the testimony, in his possession more than in possession of the other adults who were present at the time of the search. The testimony showed that the appellant did not own the place; that it belonged either to his mother or his grandmother. There is no testimony showing that appellant made the liquor found, or that he carried it to said premises, or that he asserted any ownership of it, or that it was found in his room, or in any way to individualize the possession of same. As stated above, we have such serious doubt as to the sufficiency of the evidence that we would not be inclined to let this conviction stand upon the testimony even if the other questions above indicated did not call for a reversal of the case.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*