*Affirmed.*

### Ed White v. The State.

No. 14664.    Delivered January 13, 1932.

The opinion states the case.

*A. T. Blackshear* and *Adams & Hamilton,* all of Jasper, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being assessed at one year in the penitentiary.

Operating under a search warrant officers searched appellant's residence and outhouses. The officers testified that about the time they entered the house someone (presumably appellant's wife) had thrown some whisky in the fireplace and it was burning. Nothing else was found in the residence. Under a shed about twenty-five feet from the residence

they found buried a five-gallon keg containing about four gallons of whisky. Chicken feed had been thrown over the ground where the keg was buried and the chickens had scratched all around it. Appellant did not testify himself and offered no evidence whatever, but evidently stood on his objections to evidence offered by the state.

When the officers were tendered as witnesses objection was interposed to evidence of the result of the search on the ground that the affidavit and search warrant "(a) did not sufficiently describe the premises to be searched, (b) did not state the owner or occupant of the premises to be searched, (c) did not state in what county said property to be searched was situated, and (d) did not state that the defendant, Ed White, is the owner and occupant of said premises attempted to be described and searched."

An examination of the affidavit reveals that it is subject to each objection interposed. The recitals in the affidavit follow: "That Ed White is engaged in the unlawful sale of intoxicating liquors and keeps and possesses intoxicating liquors for the purpose of sale, at, in and near the following described place, building and structure,—house and all outhouses situated in North Quarters, one mile from the courthouse, town of Jasper."

The justice of the peace who issued the warrant undertook to supplement the description of the house and outhouse to be searched by inserting in the warrant, "which house is now occupied by Ed White". The information upon which the latter descriptive averment was inserted in the warrant was not conveyed to the issuing magistrate by any averment in the affidavit. Upon the affidavit the magistrate might have issued a warrant to search any house and outhouse situated in the "North Quarters", regardless of its description, occupant, or owner. Both the Constitution, art. 1, sec. 9, and the statute, article 4, C. C. P., demand that no warrant to search any place shall issue without describing it "as near as may be". This description must be ascertained from the affidavit upon which the warrant is based. Unless the affidavit meets the requirements of the law it is error, over proper objection, to permit officers to testify as to the result of the search. Cardness v. State, 115 Texas Crim. Rep., 633, 27 S. W. (2d) 812; Dupree v. State, 102 Texas, 455, 119 S. W., 301; Harris v. State, 112 Texas Crim. Rep., 219, 15 S. W. (2d) 1048; De Aguirre v. State, 109 Texas Crim. Rep., 584, 7 S. W. (2d) 76; Smith v. State, 117 Texas Crim. Rep., 303, 36 S. W. (2d) 532. The objections to the officers' testimony should have been sustained and the evidence as to the result of the search excluded.

It appears that the state offered in evidence the affidavit and search warrant. Objection was interposed on the ground that the affidavit and warrant were not matters of evidence and should not be admitted as such, but should be presented to the trial judge for the purpose of having him

340

determine their validity and sufficiency. The bill of exception relating to this matter recites that the objections were overruled and the court "admitted said affidavit and search warrant to *go to the jury as evidence*". We find them incorporated in the statement of facts. The recitals in the affidavit and warrant were, as to appellant, hearsay. As stated in appellant's objection, they should have been exhibited to the trial judge; their validity, or otherwise, was a question of law for him to pass upon. Whether the error in admitting such testimony calls for a reversal turns upon the facts of the particular case in which the action is complained of. Bryant v. State, 94 Texas Crim. Rep., 67, 250 S. W., 169; Gurski v. State, 93 Texas Crim. Rep., 612, 248 S. W., 353; Boortz v. State, 95 Texas Crim. Rep., 479, 255 S. W., 434; Gaunce v. State, 97 Texas Crim. Rep., 365, 261 S. W., 576; Booth v. State, 110 Texas Crim. Rep., 548, 9 S. W. (2d) 1032; Antner v. State, 114 Texas Crim. Rep., 248, 25 S. W. (2d) 860; Uptmore v. State, 116 Texas Crim. Rep., 181, 32 S. W. (2d) 474. It is not necessary to determine in this case whether the judgment would be reversed because of the error in admitting the affidavit and search warrant as evidence before the jury. We see no occasion, however, of permitting such a question to arise.

For the error first discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*