## JACK MONROE V. THE STATE.

No. 14681.   Delivered March 1, 1933.
Reported in 57 S. W. (2d) 856.

The opinion states the case.

*J. W. Yancy,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being three years in the penitentiary.

All the evidence was secured by reason of a search of appellant's residence and premises under a search warrant. The evidence was combatted on many grounds in objections urged against the validity of the affidavit and warrant based thereon. The principal objection to the affidavit was that it failed to comply with the requirements of article 691, P. C., which provides that no warrant shall issue to search a private residence unless it is shown by the affidavit of two credible persons that "such residence is a place where intoxicating liquor *is sold or manufactured.*"  As the appeal must be disposed of upon other grounds we do not discuss the point mentioned, but observe that such questions would be obviated if the requirements of the statute were kept in mind when affidavits are being prepared upon which to base warrants authorizing the search of a private residence.

Section 9, article 1, of the Constitution, and article 4, C. C.

P., read, in part, as follows: "No warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be * * *."

It has been held that the warrant must contain the description and location of the place to be searched. Harris v. State, 112 Texas Crim. Rep., 219, 15 S. W. (2d) 1048; White v. State, 45 S. W. (2d) 225; Cardness v. State, 115 Texas Crim. Rep., 633, 27 S. W. (2d) 812; Smith v. State, 36 S. W. (2d) 532; DeAguirre v. State, 7 S. W. (2d) 76. The warrant in the present case is directed as follows: "State of Texas. To the sheriff or any Peace officer of the State of Texas:—Greetings:" It is therein recited that an affidavit had been made by two named parties which alleged that appellant had in his possession intoxicating liquor "in said county and state" (the county not having theretofore been mentioned) in a house "known and described as his private residence, on the road connecting the new highway with the old Lufkin-Huntington highway about four miles east of the City of Lufkin, Texas." What kind of a house to be searched is not shown, nor whether situated north, south, east or west of the road mentioned. It does not appear from the warrant in what county even it is supposed to be located. About all the information the warrant conveyed was that somewhere in the general neighborhood of the road mentioned and about four miles east of Lufkin the private residence of appellant was located and was to be searched. Descriptions similarly indefinite were held insufficient in DeAguirre v. State; Smith v. State, and Harris v. State (supra).

The description of the premises contained in the affidavit can not be used to aid the description found in the warrant unless the affidavit is made a part of the warrant. Cornelius on Search and Seizure (2nd Ed.), p. 488, sec. 200. If the affidavit could be looked to in the present case, it would supply the information as to the county in which the premises to be searched was located, but there is nothing in the record to indicate that the affidavit was made a part of the warrant.

We are constrained to hold that the evidence discovered by the search was improperly received because of an inadequate warrant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*