**Charles Edward JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42920.**

Court of Criminal Appeals of Texas.

June 10, 1970.

Rehearing Denied July 15, 1970.

---

Dennis White, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, CaMille Elliott, Harry J. Schulz, Jr., and W. T. Westmoreland, Jr., Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is robbery with firearms; the punishment, 60 years.

The indictment alleged that Jackie Eugene Green, Cecil Mathis, Charles Edward Jones (appellant) and Luther James Johnson, acting together, committed the offense upon David Arthur Simmons on or about March 3, 1968.

Appellant was tried jointly with his co-indictee Cecil Mathis who was represented by Hon. Herb Landau. Both 'defendants entered a plea of not guilty. Appellant was represented at the trial by Hon. Dennis White who, under appointment of the court, is his counsel on appeal.

The sufficiency of the evidence to sustain the conviction is not challenged.

Both the prosecuting witness and his 14 year old son positively identified Cecil Mathis as the man who drew his pistol, jumped behind the check-out counter, put his .22 caliber pistol in Mr. Simmons' side and said: "Give me the g-- d--- money or I will kill you." Both positively identified appellant as the man who came behind the

counter and took the money out of the cash register.

Appellant's first three grounds of error, which complain that he was deprived of certain constitutional rights in the selection of the jury panel and in the composition of the jury, are not supported by the record.

 Ground of error No. 4 relates to the following which occurred during the direct examination of the prosecuting witness:

"Q. When was the first time that you ever laid your eyes on Cecil Mathis?

"A. The morning of the robbery. As far as I know, I had never seen him before that time.

"Q. What drew your attention to him?

"A. Well, I knew that he wasn't a regular customer and we had been robbed several times out there and—

"MR. LANDAU: Objection, Your Honor. I ask that the Jury be instructed to disregard that.

"THE COURT: All right.

"Ladies and gentlemen: You will disregard the statement by the witness.

"MR. LANDAU: And we ask for a mistrial at this time.

"THE COURT: Overruled.

"MR. LANDAU: Note our exception."

The contention that the court's instruction to the jury to disregard the statement was not sufficient, the error being incurably prejudicial, is overruled.

 Ground of error No. 5 relates to the following. Appellant had testified that he had not been at the home of Jackie Green's sister at 5:30 on the morning of the robbery. Co-indictee Jackie Green,

called as a witness by the state, upon being informed of his rights by the trial judge, stated that he wanted his counsel to be present. His counsel not being available, the court appointed Hon. Robert Maloney to confer with the co-indictee Green.

Green was sworn as a witness and was asked whether he was at his stepsister's house on Fourth Avenue around 5:30 on the morning of March 3, 1968. Upon advice of counsel the witness Green claimed his privilege not to testify for fear of incriminating himself. Counsel for the state insisted that he had the right to ask further questions and the witness could invoke the Fifth Amendment to each question asked.

After hearing counsel in the jury's absence, the trial court declined to permit further questioning by the state "* * * in view of the fact that he has told the court and the jury that he is going to claim his constitutional right and not answer any of those questions * * *."

We overrule the contention that the state's attempt to examine the co-indictee who invoked the Fifth Amendment and refused to answer each question inflamed and prejudiced the jury.

The judgment is affirmed.