**Robert Alan PHENIX, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44847.

Court of Criminal Appeals of Texas.

July 19, 1972.

Rehearing Denied Jan. 24, 1973.

Jones, Blakeslee, Minton, Burton & Fitzgerald, Roy Q. Minton, Charles R. Burton, John L. Foster, Austin, for appellant.

Robert O. Smith, Dist. Atty., Michael J. McCormick, Asst. Dist. Atty., and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for the possession of marihuana; the punishment, five years imprisonment.

At approximately 6:00 p. m., April 24, 1970, Officers Webb, Gonzales and Williams of the Travis County Sheriff's Department executed a warrant for the search of appellant's garage apartment. As the officers entered the apartment, the appellant, who had opened the door for them, was observed putting what appeared to be a "kilo" or brick-shaped package of marihuana into a paper sack. Officer Webb remarked, "Well, now what do you suppose that is?" to which appellant replied, "Well, you know what it is." The officers then escorted the appellant into the adjoining room and proceeded to advise him of his constitutional rights as provided in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The officers' search of the premises revealed three "lids," i. e., plastic bags, containing one ounce of marihuana; a handwritten note that was on top of the desk; four marihuana cigarette butts, or "roaches," containing a total of .58 grams of marihuana in an ashtray in the living room; a brown tobacco pouch with two cigarettes containing .67 grams of marihuana; a billfold containing $373.00; a plastic bag containing 363.42 grams of marihuana; a plastic vial, or capsule, containing 1.62 grams of hashish; a yellow bowl containing 33.85 grams of marihuana; a "sifter"; a twenty-five pound capacity set of scales with measurements graduated into ounces; two boxes of plastic "baggies"; wrappers and cellophane bags with marihuana residue in them that were retrieved from two wastebaskets; a "brick" of marihuana weighing 849 grams; and the "kilo" of marihuana weighing 1,768 grams. There

was testimony that a total of 3018.44 grams of marihuana and hashish was discovered in the apartment.

Appellant's first four grounds of error relate to the admission into evidence of State's Exhibit No. 3, the above mentioned note found on the desk.

The note in question reads as follows:
"A.P.                                    Fri.

"More on the way. I still owe you four lids worth. I'll check with Dan on the 150 tomorrow.

C.P."

The note was offered "as res gestae of the offense." Appellant urges that the trial court's admission of the note into evidence over strenuous objection that it was hearsay was reversible error.

"Hearsay evidence is testimony in court or written evidence, of a statement made out of court, such statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter." McCormick, Evidence, § 225 at 460.[1]

A written extrajudicial utterance may be admissible in evidence to prove the truth of the assertions made; that is, for its testimonial value, if one of the many exceptions to the hearsay rule is satisfied, 5 Wigmore, Evidence § 1420 et seq. (3rd ed. 1940); McCormick, *supra*, at 480–625, or it may be admissible in evidence without regard to the truth of the assertions made; that is, for its non-testimonial value as a circumstance, provided it is legally relevant. Haynes v. State, 475 S.W.2d 739 (Tex.Cr.App.1971); 6 Wigmore, *supra*, §§ 1788–1792. The latter use of the extrajudicial written utterance to which the hearsay rule does not apply has sometimes

1. Professor McCormick offers the above definition subject to the warning that "if the definition is to remain brief and un-

derstandable, it will necessarily distort some parts of the picture. Simplification is falsification."

not been fully articulated and has been said to be part of the res gestae.[2]

The note was not offered or received in evidence for its testimonial value; that is, for the truth of the assertions made. The note was not admitted to show "more on the way," that "C.P." "owed" "A.P." "four lids worth" or that "C.P." was going to "check with Dan on the 150 tomorrow."

The appellant now contends that the note is not legally relevant to any issue in the case. Although no objection that the note was not relevant was made at the trial, we do not dispose of appellant's contentions on that ground alone. Assuming that the note is not legally relevant to any issue in this case, its admission into evidence over an objection on that ground would be harmless error under the facts of this case.[3]

The appellant argues that a consideration of the note could only lead a jury to believe that the appellant was dealing in marihuana, causing such prejudice and harm as to require reversal.

The other facts and circumstances in the case are such that the jury could only conclude that the appellant was dealing in marihuana. When the officers found 33.85 grams of marihuana in a yellow bowl, appellant asked them not to take that because that was for his "personal" use. The only

inference which could logically be drawn from this statement was that the balance of the marihuana, over six pounds, was being possessed for a purpose other than his own use. It was also logical to infer that the scales found were to be used in weighing out quantities of marihuana to be placed in the baggies found. The appellant had in his possession enough marihuana, the testimony shows, to make 7,500 cigarettes. Solely because of the quantity possessed, a jury could conclude that the appellant possessed the marihuana for purpose of sale, and take this into account in assessing the penalty. Collier v. State, supra.[4]

Even if the note was erroneously admitted under the facts and circumstances presented in this record, we conclude that its admission was harmless error and was not so prejudicial as to require reversal. See and compare Windham v. State, 169 Tex.Cr.R. 448, 335 S.W.2d 221 (Tex.Cr. App.1960). Where the evidence of guilt is clearly established, even constitutional error may be harmless. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L. Ed.2d 284 (1969).

In appellant's fifth ground of error he urges "The trial court erred in admitting into evidence statements allegedly made by the defendant at the time of his arrest, for the reason that such statements were not properly admitted under Article 38.22 of

2. I. e., Windham v. State, 169 Tex.Cr.R. 448, 335 S.W.2d 221 (1960) (Opinion on appellant's motion for rehearing), extrajudicial written utterance a circumstance to show liquor possessed for purpose of sale. See also Brown v. United States, 403 F.2d 489 (5th Cir. 1968) ; People v. Curtis, 232 Cal.App.2d 859, 43 Cal.Rptr. 286 (1965) ; State v. Smith, 113 N.J.Super. 120, 273 A.2d 68 (1971).

3. The note may have been relevant as a circumstance to show that the marihuana was being possessed for the purpose of sale and therefore had probative value. See Gonzales v. State, 410 S.W.2d 435 (Tex.Cr.App.1966) ; Collier v. State, 167 Tex.Cr.R. 534, 321 S.W.2d 584 (1959) ; and Hemmeline v. State, 165 Tex.Cr.R. 583, 310 S.W.2d 97 (1958).

In his brief on another point the appellant has argued " . . . the circumstances surrounding such possession, and the possible true purpose for the narcotics being there, all of which would be relevant both on the issue of guilt or innocence *and on the issue of punishment.* . . . " (emphasis supplied.)

4. In Collier v. State, *supra*, a possession of marihuana case, it was held permissible to show that the quantity of marihuana possessed was sufficient to make 500 cigarettes and to then argue that the marihuana was not possessed for the defendant's own use. The quantity of marihuana possessed and the reason for its possession were there held to be relevant to the issue of the punishment which the jury was required to assess.

the [Vernon's Ann.] Code of Criminal Procedure." He contends that the remark was erroneously admitted as a res gestae statement.

During the search of appellant's apartment, Officer Gonzales opened a desk drawer in which he found the yellow plastic bowl which contained the 33.85 grams of marihuana. Upon seeing Officer Gonzales take the container from the drawer, the appellant, who was sitting nearby, said, "Oh, man don't take that; that's for my personal use."

In Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the Supreme Court said, "Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." 384 U.S. at 478, 86 S.Ct. at 1630. See Taylor v. State, 420 S.W.2d 601 (Tex.Cr.App.1967). In Ramos v. State, 419 S.W.2d 359, 363 (Tex.Cr.App.1967), this court quoted with approval the opinion in Keefe v. State, 50 Ariz. 293, 72 P.2d 425 (1937), wherein it was said:

"The true test in spontaneous exclamations is not when the exclamation was made, but whether under all the circumstances of the particular exclamation the speaker may be considered as speaking under the stress of nervous excitement and shock produced by the act in issue, or whether that nervous excitement has died away . . ." See also Fisk v. State, 432 S.W.2d 912, 915 (Tex.Cr.App. 1968).

■ Appellant's statement, a spontaneous exclamation uttered while the officers were executing the warrant for the search of appellant's residence, was properly admitted into evidence. Article 38.22 § 1(f), V.A.C.C.P.; Jones v. State, 458 S. W.2d 654 (Tex.Cr.App.1970); Parsley v. State, 453 S.W.2d 475 (Tex.Cr.App.1970).

Appellant's fifth ground of error is overruled.

Appellant complains in ground of error number six that the trial court was in error in failing to grant the defendant's motion to suppress the evidence obtained by the officers' search. He contends that the items obtained through the execution of the search warrant were unlawfully seized "for the reason that the affidavit for such search warrant was insufficient in law to authorize the issuance of the search warrant in that it does not allege that the described marihuana was being possessed contrary to law."

The possession of marihuana "is illegal under all conditions and circumstances except where authorized for use in research . . ."[5]

Article 725b, § 21, V.A.P.C., provides:

"In any complaint, information, or indictment, and *in any action* or proceeding brought for the enforcement of any provisions of this Act, it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in this Act, and the burden of proof of any such exception, excuse, proviso, or exemption, shall be upon the defendant." (emphasis supplied.)

■ We construe the procuring of a warrant for search for marihuana, the possession of which is proscribed by Article 725b, V.A.P.C., to be an "action . . . for the enforcement of . . . this Act . . ." as contemplated by the statute. As we said in Cummins v. State, 478 S.W. 2d 452, 455 (Tex.Cr.App.1972):

"We cannot believe that the Legislature, in writing Article 725b, V.A.P.C., entitled 'Narcotic Drug Regulations' intended that the drafters of an affidavit for a search warrant under Sec. 16 of the Act, should be charged with the bur-

---

5. Article 725b, §§ 5, 7, Vernon's Ann.P.C. There does not appear to be any legislation in this state which authorizes the possession of marihuana for use in research.

den of using greater precision in setting forth a violation of the Act than is required of those who prepare informations and indictments, under Sec. 21 of the Act. To hold otherwise would be to require the drafter of the affidavit for search warrant to negate any exception under the Act while it would not be necessary for one who prepares an information or indictment to discharge such burdens."

Here, as in *Cummins,* appellant's reliance on Jansson v. State, 473 S.W.2d 40 (Tex. Cr.App.1971), is misplaced.[6]

This same contention was considered and overruled in Faubian v. State, 480 S.W.2d 194 (Tex.Cr.App.1972). Appellant's sixth ground of error is overruled.

In appellant's ground of error number seven, he urges "The trial court erred in overruling the defendant's motion to suppress evidence, and in admitting into evidence those items seized as a result of the execution of a search warrant for the reason that the affidavit is insufficient in law to authorize the issuance of the search warrant in that it fails to allege that contraband narcotics were being concealed at the described place, but only alleged that certain 'personal property' was being there concealed, and contraband narcotics are not 'personal property' under Texas law."

■ The affidavit upon which the search warrant issued, and which was both attached thereto and incorporated by reference therein, alleged that the appellant was in possession of "personal property, to-wit: marihuana." Possession of marihuana is proscribed by Article 725b, V.A.P.C. The characterization of the marihuana as "personal property," whether technically correct or not, is immaterial and certainly does not render the affidavit fatally defective. Faubian v. State, *supra.* Appellant's

seventh ground of error is without merit and is overruled.

In appellant's ground of error number eight, he contends that the search warrant "fails to describe with accuracy the place to be searched, but merely adopts by reference the description contained in the affidavit upon which the warrant was issued, that affidavit being a wholly separate piece of paper."

■ The search warrant incorporates by reference the affidavit wherein the place to be searched is described with particularity. This would be sufficient to make the description of the place to be searched a part of the warrant itself. Ex parte Flores, 452 S.W.2d 443 (Tex.Cr. App.1970); Gaines v. State, 161 Tex.CrR. 589, 279 S.W.2d 96 (1955). Further, appellant's argument that "it is undisputed that prior to the hearing on the defendant's motion to suppress evidence . . . the affidavit and the warrant were two separate documents" is not supported by the record. The record reflects that at the time the search warrant was excuted the affidavit and warrant were attached to each other, "stapled back to back," and were "one instrument." The place to be searched was accurately described in the affidavit. The affidavit having been made a part of the warrant, the description of the premises contained therein could be used to aid the description found in the warrant. Monroe v. State, 123 Tex.Cr.R. 84, 57 S.W.2d 856 (1933). This ground of error is overruled.

In his ninth ground of error appellant alleges that the trial court erred in sustaining the State's objection to defense counsel's request for the names of the persons described in the affidavit supporting the search warrant as "users and sellers of narcotics" who were seen frequenting appellant's apartment.

6. In Jansson v. State, *supra,* it was stated "*Some* narcotics may be lawfully possessed . . . ." The motion to revoke probation in *Jansson* alleged possession of "narcotics." Here, the affidavit for search warrant alleges possession of "marihuana." Marihuana may not now be lawfully possessed in this state.

■ In Wetherby v. State, 482 S.W.2d 852 (1972), this court said, ". . . it is well settled 'that a court will not look behind the allegations of an affidavit for the issuance of a search warrant.' Brown v. State, 437 S.W.2d 828 (Tex.Cr.App.1968)." The rule stated in *Wetherby* has long been followed by this court. See Ware v. State, 110 Tex.Cr.R. 90, 7 S.W.2d 551 (1928); Bird v. State, 110 Tex.Cr.R. 99, 7 S.W.2d 953 (1928); Hernandez v. State, 158 Tex. Cr.R. 296, 255 S.W.2d 219 (1952); Jackson v. State, 365 S.W.2d 935 (Tex.Cr.App. 1963); Johnson v. State, 469 S.W.2d 581 (Tex.Cr.App.1971); Cherry v. State, 479 S.W.2d 924 (Tex.Cr.App.1972). The same rule has been recognized in civil cases. See Coleman County Country Club v. State, 236 S.W.2d 558 (Tex.Civ.App.—Eastland 1951, writ ref'd) and authorities therein cited.

In Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the Supreme Court said, "It is elementary that in passing on the validity of a warrant, the reviewing court may consider *only* information brought to the magistrate's attention."[7] While that Court has not passed directly on the precise question now before us, Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964), we do observe that other jurisdictions adhere to the rule followed by this court with respect to permitting inquiries that go behind the affidavit upon which a search warrant is issued. People v. Bak, 45 Ill.2d 140, 258 N.E.2d 341 (1970), cert. denied, 400 U.S. 882, 91 S.Ct. 117, 27 L. Ed.2d 121 (1970); People v. Stansberry, 47 Ill.2d 541, 268 N.E.2d 431 (1971), cert. denied, 404 U.S. 873, 92 S.Ct. 121, 30 L. Ed.2d 116 (1971); State v. Anselmo, 260 La. 306, 256 So.2d 98 (1971), cert. denied, 407 U.S. 911, 92 S.Ct. 2438, 32 L.Ed.2d 685, 11 Cr.L. 4066 (1972); Baker v. State, 448 P.2d 282 (Okl.Cr.App.1968); Scarborough v. State, 3 Md.App. 208, 238 A.2d 297 (1968); Poole v. State, 467 S.W.2d 826 (Tenn.Cr.App.1971).

Appellant urges that United States v. Upshaw, 448 F.2d 1218 (5th Cir. 1971) is supportive of the contention here raised. To the contrary, the court in *Upshaw* expressly stated, "It is not necessary in this case for us to reach the question of whether a defendant is entitled to a hearing to test the underlying factual validity of the affidavit on the basis of which a warrant has been issued (as opposed to the affidavit's sufficiency if taken as true)." 448 F.2d at 1221.

■ This court has previously rejected the contention that where an affidavit in support of a search warrant alleges that known users of narcotics were seen frequenting a defendant's residence, the names of those people should be revealed. Bosly v. State, 414 S.W.2d 468, 472 (Tex.Cr.App.1967); Curry v. State, 459 S.W.2d 644, 645 (Tex.Cr.App.1970). Appellant's ninth ground of error is overruled.

In appellant's tenth and eleventh grounds of error he complains that State's Exhibit No. 5, the appellant's motor vehicle operator's license, and Exhibit No. 8, an insurance company "Member's Identification Card," should not have been admitted into evidence because they constitute hearsay.

■ State's Exhibit No. 8 was found on the top of the table, along with State's Exhibit No. 3, the note. State's Exhibit No. 5 was found in a billfold, stuffed down beside a cushion in a living room chair. With the billfold was a tobacco pouch that contained two marihuana cigarettes and a small quantity of loose marihuana. The appellant's operator's license bearing his name, identification and a photograph was admissible as circumstantial evidence of appellant's possession of the pouch and the marihuana contained therein. Haynes v. State, *supra*. The insurance company "Member's Identification Card" is addressed to the appellant and another at the address searched and shows

7. 378 U.S. 109, 84 S.Ct. 1511, n. 1.

them to be the named insureds under a designated automobile insurance policy. This is circumstantial evidence that the appellant resided at the address searched and is admissible apart from its hearsay nature. The discussion of appellant's first four grounds of error is also applicable to these grounds of error, which are also overruled.

In appellant's twelfth, thirteenth and fourteenth grounds of error he contends that it was error for the trial court to admit into evidence State's Exhibits Nos. 3, 5 and 8 because they were not listed on the return prepared by the officers who executed the search warrant. Generally, the failure to make a return on a search warrant will not vitiate the warrant or render the search unreasonable and will not necessitate the reversal of a conviction. Garcia v. State, 164 Tex.Cr.R. 273, 298 S.W.2d 831 (1957); Daltwas v. State, 375 S.W.2d 732 (Tex.Cr.App.1964); see also Acosta v. State, 403 S.W.2d 434 (Tex.Cr.App.1966), cert. denied, 386 U.S. 1008, 87 S.Ct. 1352, 18 L.Ed.2d 449 (1967). In the absence of any showing of harm from unfair surprise, this ground of error is overruled.

In appellant's fifteenth, sixteenth and seventeenth grounds of error, he urges that the admission into evidence of State's Exhibits Nos. 3, 5 and 8 constitutes reversible error in that none of the three items of evidence was ordered seized in the warrant under the authority of which the search was conducted. Appellant contends that the warrant ordered the seizure solely of

marihuana and that therefore the seizure of any items other than marihuana was in violation of the United States Constitution and the Constitution of the State of Texas.[8]

Appellant relies upon Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927), wherein the Supreme Court said, "The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant." 275 U.S. at 196, 48 S.Ct. at 76.

In Gurleski v. United States, 405 F.2d 253 (5th Cir. 1968), it was said that if the "broad language" of *Marron*

"were unwaveringly applied in every case, it is obvious that there could never be a valid seizure of anything not described in the search warrant. However, the *Marron* doctrine has generally not prevailed when the search and seizure was considered reasonable under all the circumstances. Many lower and intermediate federal courts, including those of this circuit, have regarded Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947), as formulating an exception to the strict language of *Marron*, thus permitting the introduction of the evidence seized in searches of the type involved in the case sub judice." 405 F.2d at 257.[9]

---

8. The Fourth Amendment to the United States Constitution provides:
   "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."
   The Constitution of the State of Texas provides:
   "The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and that no warrant to search any place, or to seize any person or a thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation." Art. I, § 9, Texas Const., Vernon's Ann.St.

9. The limitation of *Harris* made in Chimel v. California, 393 U.S. 958, 89 S.Ct. 404, 21 L.Ed.2d 372 (1968), with regard to the authorized scope of a warrantless search incident to an arrest would not affect the applicability of the *Harris* rationale as an exception to the general rule of *Marron*.

The court in *Gurleski* further stated, "The reasoning of the *Harris* majority, while specifically related to searches incident to a lawful arrest, applies with equal force to a search made under authority of a valid search warrant." 405 F.2d at 258.

The Supreme Court has upheld the seizure of "mere evidence" in Warden, Maryland Penitentiary, v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967), where it was said:

"The premise in Gouled [v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L. Ed.2d 647 (1921),] that government may not seize evidence simply for the purpose of proving crime has likewise been discredited. . . . Schmerber [v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966)] settled the proposition that it is reasonable, within the terms of the Fourth Amendment, to conduct otherwise permissible searches for the purpose of obtaining evidence which would aid in apprehending and convicting criminals. The requirements of the Fourth Amendment can secure the same protection of privacy whether the search is for 'mere evidence' or for fruits, instrumentalities or contraband. There must, of course, be a nexus—automatically provided in the case of fruits, instrumentalities or contraband—between the item to be seized and criminal behavior." 387 U.S. at 306–307, 87 S.Ct. at 1649–1650.

◼ General exploratory searches are unreasonable and are condemned by the Fourth Amendment. Marron v. United States, *supra;* Stanford v. State of Texas, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965); Berger v. State of New York, 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967). The search in the case at bar is not of the exploratory type condemned in such cases as Stanford, *supra,* and Kremen v. United States, 353 U.S. 346, 77 S.Ct.

828, 1 L.Ed.2d 876 (1957). In the instant case, the officers, under the authority of a valid search warrant, went to appellant's apartment to search for and seize marihuana. In the course of that search, the appellant's motor vehicle operator's license (State's Exhibit No. 5) was discovered in a leather pouch with marihuana; the above note to "A.P." (State's Exhibit No. 3) and the insurance company "Member's Identification Card" (State's Exhibit No. 8) were found in open view on a desk in the living room.

In considering a contention similar to that raised here, the Supreme Court of Alaska, in Bell v. State, 482 P.2d 854 (Alaska 1971), stated:

"We think the rationale of *Harris* is equally applicable to the case where the search and seizure is carried out under the authority of a lawful search warrant. We can perceive no logical or constitutional reason, given a lawful entry pursuant to a search warrant by an officer who is conducting a good faith search, why the officer conducting the search should be prohibited from seizing evidence not described in the search warrant where the searching officer has a reasonable basis for drawing a connection between the observed evidentiary objects and the crime which formed the basis of the search warrant. We think it unrealistic in such circumstances to require the officer to obtain a second search warrant, particularly in a case where the location of the objects are already known and have for all practical purposes effectively been seized by the officer.

"We therefore hold that an officer may seize evidence of a crime even though such property is not particularly described in the search warrant when the objects discovered and seized are reasonably related to the offense in question, when the searching officer at the

time of the seizure has a reasonable basis for drawing a connection between the observed objects and the crime which furnished the basis for the search warrant, and the discovery of such property is made in the course of a good faith search conducted within the authorized perimeters of the search warrant." 482 P.2d at 860.

The note, the motor vehicle operator's license, and the insurance company "Member's Identification Card" were properly subject to seizure. These grounds of error are overruled.

In appellant's last ground of error he contends that "The trial court erred in denying the defendant's motion for mistrial after a State's witness had testified that a person who arrived at the apartment being searched had had a large amount of money on his person, which testimony was irrelevant to an issue in the case and so prejudicial to defendant as to preclude a fair trial."

Approximately two or three minutes after the search had commenced, a knock was heard at the door of the apartment. Upon being invited to do so, a young man entered. When asked if the individual had any identification on him, Officer Webb testified that he had proper identification in his billfold and that it also contained approximately $370.00. The trial court promptly sustained the appellant's objection and instructed the jury to disregard such testimony. The court's instruction to the jury was sufficient and the overruling of the appellant's motion for mistrial was proper. See Jones v. State, 456 S.W.2d 132 (Tex.Cr.App.1970) and Brookens v. State, 438 S.W.2d 577 (Tex.Cr.App.1969).

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.