**Otilia Hinojosa ROBLES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–00447–CR.**

Court of Appeals of Texas, San Antonio.

June 4, 1986.

Paul A. Lechowick, San Antonio, for appellant.

Sam Millsap, Jr., Charles Tennison, Charles Strauss, Daniel Thornberry, Crim. Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

DIAL, Justice.

This is an appeal from a conviction for the offense of possession of heroin under 28 grams. Trial was before a jury. The defendant was found guilty, and punishment was assessed by the court at three years' confinement in the Texas Department of Correction, which sentence was probated for ten years.

The evidence revealed that officer Maldonado of the San Antonio Police Department obtained a search warrant for the premises of 401 Torreon in San Antonio, a two-story, two-bedroom apartment. Officer Maldonado executed the search warrant with another officer and found the defendant present

with six other individuals. One person had run upstairs and was flushing balloons down a toilet. The defendant and the others were on the first floor of the apartment. Marihuana cigarettes and baggies were discovered downstairs in the kitchen. The officers searched the defendant's upstairs bedroom. In a dresser drawer containing women's clothing and cosmetics the officers found a balloon containing heroin. On top of the dresser were two letters and a phone bill addressed to the defendant at 401 Torreon. Beneath the bed were four bundles of money in amounts corresponding to the street purchase price of heroin. Officer Maldonado had ascertained before the search that the defendant was the record lessee of the apartment.

Though the officers read the search warrant to those present, they did not give a copy of it to anyone there. An inventory of the items seized was prepared by the officer, and a return was made to the issuing magistrate, but no copy of the inventory was given to any of the persons found on the premises.

The defense filed a motion to suppress the items seized. The motion was overruled and the balloon, the heroin, the letters and the phone bill were admitted into evidence over the defendant's objection.

■ Defendant's first ground of error contends that the trial court erred in overruling the motion to suppress. The argument is that TEX.CODE CRIM.PROC. ANN. art. 18.06(b) (Vernon Supp.1986) requires that a copy of the search warrant and a copy of a written inventory of the property taken shall be presented to the owner of the place or to the person in charge of the place. Unquestionably the officers fell short of full compliance with art. 18.06. However, the Court of Criminal Appeals has consistently held that ministerial violations of the search warrant statutes do not vitiate the search warrant in the absence of a showing of prejudice. *Pecina v. State*, 516 S.W.2d 401, 404 (Tex. Crim.App.1974); *Phenix v. State*, 488 S.W.2d 759, 766 (Tex.Crim.App.1972); *Daltwas v. State*, 375 S.W.2d 732, 734 (Tex.

Crim.App.1964); *Rios v. State*, 623 S.W.2d 496, 499 (Tex.App.—Corpus Christi 1981, pet. ref'd). We hold that the failure of the officers to deliver a copy of the search warrant and an itemized copy of the return to the defendant in the absence of a showing of injury reveals no error.

■ In a related ground of error the defendant complains of the trial court failing to charge the jury as requested pursuant to TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon 1979). The defendant requested the following charge:

You are instructed that under our law no evidence obtained in violation of any provisions of the law of the State of Texas shall be admissible in evidence against the accused. Our laws provide that before an officer takes property from the place searched under a warrant, the officer executing the warrant must prepare a written inventory of the property to be taken and the officer shall legibly endorse his name on the inventory and present a copy of the inventory to the owner or other person in possession of the property.

You are instructed if you find from the evidence, or if you have a reasonable doubt thereof that on the occasion in question the officer of the San Antonio Police Department, upon arriving at 401 Torreon, San Antonio, Bexar County, Texas, entered such place and executed the search warrant and seized the balloon, the alleged heroin, the two letters, the phone bill, the alleged marihuana, and the money in question, and did not before taking said property from the place searched, prepare a written inventory of the property taken legibly endorsing one or more of their names on the inventory and presenting a copy of the inventory to the defendant or other person in possession of the place searched then, and in such event, you will wholly disregard said listed items so seized and introduced in evidence and consider them for no purpose … no other fact that said listed items were so found therein.

In order to be entitled to a charge under art. 38.23 the defendant must point out a fact issue raised by the evidence concerning the validity of the search. A finding on the fact issue favorable to the defendant would amount to a finding that the evidence was obtained by the officer or another person illegally.[1]

Here the alleged fact issue is the undisputed conduct of the officers. We have already held that the subsequent failure to prepare a written inventory and present a copy of it to the defendant did not make the prior "obtaining" of the evidence to be in violation of the law. The admissibility of the evidence was a question of law for the trial judge rather than a question of fact for the jury. The charge was appropriately denied.

■ The defendant's final ground of error is that there was insufficient evidence as a matter of law to conclude that she possessed the contraband. Possession means that the defendant exercised care, control and management over the contraband and that she knew the matter possessed was contraband. *Wilkes v. State*, 572 S.W.2d 538, 540 (Tex.Crim.App.1978).

The fact of possession and knowledge of the contraband can be proved circumstantially. Such possession need not be exclusive. There must be some affirmative link existing between the person accused and the narcotic drug. *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex.Crim.App.1985).

■ The relevant standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of facts could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Applying that standard, we hold the previously related evidence sufficient to support the conclusion that the defendant possessed the heroin.

The grounds of error are overruled, and the judgment of conviction is affirmed.

1. A corollary to this statute is the provision of TEX.CODE CRIM.PROC.ANN. art. 38.22, § 6, permitting evidence on the voluntariness of a confession to be submitted to the jury with the instructions that unless they believe the statement was voluntarily made, they should not consider it for any purpose.