# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00720-CR

**Patrick Affatato, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. 9040024, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## O P I N I O N

Appellant entered a plea of guilty to the offense of possession of a controlled substance and was sentenced to eight years' probation. At a pre-trial hearing, the trial court denied appellant's motion to suppress evidence obtained from his rented garage unit. In his sole point of error, appellant contends that the trial court erred in admitting the evidence because it was gathered in an illegal search outside the scope of the search warrant. We overrule this point and affirm the conviction.

## BACKGROUND

On September 3, 2003, police officers were dispatched to appellant's apartment to investigate reports of a disturbance between a man and a woman. Upon arrival, Austin police officer

J. Castleberry was informed of appellant's drug activity by his live-in girlfriend and obtained a warrant to search the premises. The girlfriend stated that the appellant "goes to his garage #P3 located in the parking area of the apartment complex" and brings back to his apartment a glass bowl containing methamphetamine. The warrant incorporated by reference Officer Castleberry's affidavit, which included this statement. The warrant itself authorized a search of appellant's "apartment at 2811 La Frontera Blvd. #2337, Austin, Travis County, Texas, as well as all outbuildings, motor vehicles and curtilage thereof."

The warrant specifically described the apartment itself, indicating its number, floor, and orientation. Although it referred to "outbuildings" and "curtilage," the warrant did not specifically describe appellant's garage. Officer Castleberry executed the warrant and searched appellant's apartment and garage unit labeled #P3, located on the premises of the apartment complex and leased to appellant along with his residence. The evidence found in the garage led to appellant's arrest and indictment for possession of a controlled substance.

## DISCUSSION

Appellant argues that the garage was not properly within the scope of the warrant because the garage could not be considered within the curtilage of the apartment. Detached garages are generally within the curtilage of a residence. *Comeaux v. State*, 42 S.W.2d 255, 257 (Tex. Crim. App. 1931) (right to enter and search home includes right to search less private and protected outbuildings such as garage or chicken coop.); *see Long v. State*, 132 S.W.3d 443, 448 (Tex. Crim. App. 2004) (explaining *Comeaux*'s general rule: "The right to enter an search a person's home—his bedroom, his bathroom, his kitchen, all of his most intimate preserves—must surely carry with it the

2

right to search those areas less private and less protected that are nonetheless part and parcel of his residence, areas such as a garage, tool shed, or chicken coop."); *Seale v. State*, 39 S.W.2d 58, 59 (Tex. Crim. App. 1931) (description of filling station included garage located twenty-five feet away); *Davila v. State*, 871 S.W.2d 806, 814 (Tex. App.—Corpus Christi, 1994, pet. ref'd) (detached garage separated from house by wooden fence was inside curtilage of house); *United States v. Moore*, 743 F.2d 254, 256 (5th Cir. 1984) (citing *Comeaux* to hold that under Texas law, detached garage located forty or fifty feet away was within curtilage of house though description of dwelling did not mention either garage or automobile).

Appellant argues that this general rule does not apply in his case because the parking lot and sidewalk separating the apartment and the garage are public spaces and would not themselves be considered part of the curtilage of the apartment. *See Evans v. State*, 995 S.W.2d 284, 285 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (parking lots and sidewalks of apartment complexes are public spaces where residents have no reasonable expectation of privacy); *Cuero v. State*, 845 S.W.2d 387, 391 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd) ("public place" is any place where substantial group of public has access, including common areas of apartment houses). However, the nature of the space between the garage and the apartment is irrelevant to the question before us, as is the question of curtilage in general. We need only decide if the warrant was sufficiently specific to apprise the officers of where they were to conduct the searches. *Palmer v. State*, 614 S.W.2d 831, 833 (Tex. Crim. App. 1981); *Haynes v. State*, 475 S.W.2d 739, 740 (Tex. Crim. App. 1971) (where warrant describes location in multi-unit dwelling, description must contain sufficient guidelines to apprise officers of particular unit to be searched).

A trial court's application of the law of search and seizure is reviewed *de novo* when considering that court's ruling on a motion to suppress evidence. *Walter v. State*, 28 S.W.3d 538, 540 (Tex. Crim. App. 2000). If a trial court's decision is correct on any theory of law applicable to the case, the decision will be sustained. *State v. Ross*, 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000).

The Fourth Amendment commands that no warrant shall issue except one "particularly describing the place to be searched." U.S. Const. amend. IV. A search made under the authority of a search warrant may extend to the entire area covered by the warrant's description. *Long,* 132 S.W.3d at 448 (citing Wayne R. Lafave, *Search and Seizure*, § 4.10(a), at 654 (3d ed. 1996)). However, when a search exceeds the scope of the warrant, evidence obtained must be excluded. *See* Tex. Code Crim. Proc. Ann. art. 38.23 (West 2004). When courts examine the description of the place to be searched to determine the warrant's scope, they follow a common sense and practical approach, not an overly technical one. *Id.* (citing *United States v. Ventresca*, 380 U.S. 102, 108 (1965)*; Ker v. California,* 374 U.S. 23, 33 (1963)).

When an affidavit is attached to the warrant, the documents should be considered together as defining the place to be searched. *Long*, 132 S.W.3d at 447 n.11; *Green v. State*, 799 S.W.2d 756, 760 (Tex. Crim. App. 1990). Where, as here, a warrant incorporates an affidavit by reference, that affidavit becomes part of the search warrant. *Green*, 799 S.W.2d at 760. Descriptions in the affidavit control over the language in the warrant itself. *Long*, 132 S.W.3d at 447 n.11; *see Green*, 799 S.W.2d at 760 (affidavit given to secure search warrant controls over search warrant with

4

respect to location to be searched); *Riojas v. State*, 530 S.W.2d 289, 303 (Tex. Crim. App. 1975) (description of place to be searched in affidavit controls description of place in search warrant).

Where a warrant contains accurate directions concerning the location of the place to be searched and a showing is made that the place searched was the place described, the warrant meets the requirements of specificity. *Haynes*, 475 S.W.2d at 741. The affidavit controls because it is the actual instrument upon which validity of the search must succeed or fail, and thus is usually more specific and precise in reciting the information known to an affiant than is the warrant which follows. *See*, *e.g.*, *Long*, 132 S.W.3d at 447 n.11. The affidavit is intended to inform and persuade; the warrant simply executes the determination of probable cause made by the magistrate. *Green*, 799 S.W.2d 756, 760.

The affidavit attached to the warrant clearly gives appellant's street address, apartment number and garage number. Appellant confirmed that garage #P3 was his garage at the pre-trial hearing. Officers were able to, and actually did, locate appellant's garage with specificity and did not engage in the type of general search and seizures that our forefathers feared. *See Haynes*, 475 S.W.2d at 740; *see also Long*, 132 S.W.3d at 448 (citing *United States v. Heldt*, 668 F.2d 1238, 1257 (D.C. Cir. 1981) for proposition that particularity requirement for warrants serves constitutional function of preventing general searches and seizures).

Although the garage was not physically proximate to the apartment in an exclusive manner, nor tied to the apartment by number, the police were adequately able to distinguish it from other garages in the community. *Etchieson v. State*, 574 S.W.2d 753, 759 (Tex. Crim. App. 1978) (to be sufficiently definite warrant need only enable officer to locate property and distinguish it from

other places in community).  There is no evidence in the record to show that garage #P3 was known by any other description, or that the identifier "#P3" could have applied to any other place within the apartment complex.  *Palmer*, 614 S.W.2d at 834 (appellant's assertion of error overruled when there was no evidence that address was sufficient to locate correct place or was transferable to another location); *see also Johnson v. State*, 469 S.W.2d 581, 586 (Tex. Crim. App. 1971) (where appellant did not show that there were two streets named Bettina in Houston, assertion of error from warrant's use of "Bettina Street," when apartment searched was actually on "Bettina Court," was overruled).

The underlying constitutional objectives of the particularity requirement are (1) ensuring that the officer searches the right place; (2) confirming that probable cause is, in fact, established for the place described in the warrant; (3) limiting the officer's discretion and narrowing the scope of his search; (4) minimizing the danger of mistakenly searching the person or property of an innocent bystander or property owner; and (5) informing the owner of the officer's authority to search that specific location.  *Long*, 132 S.W.3d at 447.  Because the description in the affidavit was sufficient to direct officers in their search with specificity, and because that search was in fact specific, none of the underlying interests were harmed.  *See Haynes*, 475 S.W.2d at 740.  Therefore, we overrule appellant's point of error and affirm the decision of the trial court denying the motion to suppress evidence.

## CONCLUSION

Because the affidavit clearly and specifically described both the apartment and the garage as places to be searched, the search was permissible under the authority of the warrant.  The

trial court did not err in refusing to exclude the evidence.  We overrule appellant's point of error and affirm the decision of the trial court.

                                              _____

                                                David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   June 3, 2005

Publish