*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-08-00619-CR

The **STATE** of Texas,
Appellant

v.

Adam Joshua **TRIANA**,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. A-08-160
Honorable Stephen B. Ables, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebecca Simmons, Justice

Delivered and Filed:   April 15, 2009

AFFIRMED

Adam Joshua Triana was indicted for the offense of possession of a controlled substance in the amount of over one gram but less than four grams.  The trial court conducted a pre-trial hearing on Triana's motion to suppress, which was granted.  The State appeals, arguing the trial court erred in granting Triana's motion to suppress as the search was not invalid because no evidence was obtained in violation of any provisions of the constitutions or laws of the state or nation.  We affirm the trial court's ruling.

## BACKGROUND

On January 26, 2008, an officer received information from a confidential informant that Triana may have been selling drugs from a hotel room at a certain hotel. On January 28, 2008, Triana was arrested for Driving while License Suspended and Possession of Marihuana. While Triana was in jail, two investigators went to the hotel where Triana was living with his girlfriend, Amanda Hoffman. The investigators did not have a warrant. When they approached the room from the parking lot, Hoffman was speaking with someone outside the room. They observed Hoffman sight the investigators, stop her conversation, and then proceed into her hotel room, leaving the door open. The investigators approached the door and claimed to hear the toilet flush. They immediately entered the room and performed a warrantless search, pulling a bag of crack cocaine out of the toilet. In the room, the investigators also found marihuana and information identifying Triana as a possible occupant.

Triana was indicted for the offense of possession of a controlled substance in the amount of over one gram but less than four grams. The trial court conducted a pre-trial hearing on Triana's motion to suppress, which was granted. This appeal followed.

## MOTION TO SUPPRESS

In one issue, the State argues the trial court erred in granting Triana's motion to suppress evidence obtained during the search of Triana and Hoffman's residence. The State contends the search was not invalid because no evidence was obtained in violation of any provisions of the constitutions or laws of the state or nation.

While the search of a residence without a warrant is presumptively invalid, some circumstances exist which justify a warrantless search. *Payton v. New York*, 445 U.S. 573, 586

(1980). Examples of these circumstances include when the police have probable cause coupled with an exigent circumstance, when they have obtained voluntary consent, or when the search is conducted incident to a lawful arrest. *Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007) (*citing McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003)). In these situations, the Fourth Amendment endures a warrantless search. *Id.*

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review, giving almost complete deference to the trial court's findings of historical fact supported by the record and reviewing *de novo* the trial court's application of the law of search and seizure. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The Court of Criminal Appeals recently summarized the approach to be taken when examining the validity of a warrantless search:

> To validate a warrantless search based on exigent circumstances, the State must satisfy a two-step process. First, there must be probable cause to enter or search a specific location. In the context of warrantless searches, probable cause exists "when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality . . . or evidence of a crime will be found." Second, an exigency that requires an immediate entry to a particular place without a warrant must exist. . . . If the State does not adequately establish both probable cause and exigent circumstances, then a warrantless entry will not withstand judicial scrutiny.

*Gutierrez*, 221 S.W.3d at 685-86 (citations omitted). The State opines the investigators had probable cause to conduct the search based on information received from a confidential informant, coupled with the exigent circumstance of Hoffman quickly entering the residence upon sight of the investigators and the subsequent sound of a flushing toilet.

As noted above, probable cause exists "when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe

that the instrumentality . . . or evidence of a crime will be found." *See id.* The same facts which give rise to probable cause may also be relevant to an analysis of exigent circumstances. *See Parker v. State*, 206 S.W.3d 593, 600-01 (Tex. Crim. App. 2006). The State argues the investigators had knowledge of several facts supporting probable cause, including their awareness that Triana lived at the location, that he was a known drug dealer and/or user, and that Hoffman was his girlfriend or common-law wife. The State also notes the investigators' training and experience in these types of investigations led them to believe Hoffman's actions in suddenly stopping a conversation and entering her hotel room after spotting the officers, and the subsequent toilet flushing, provided both the probable cause and exigent circumstances needed to enter the room without a warrant.

We find the State's argument unpersuasive. One of the investigators testified that at the time they visited the hotel, they did not have probable cause to search Triana's room and were hoping to gather more information so that a search warrant could be obtained. In addition, while their suspicions centered around Triana, the investigators knew Triana was in custody at that time. Testimony revealed the investigators had no specific information regarding Hoffman possessing drugs that would have given them probable cause to enter the room and conduct a search. Consequently, the investigators failed to establish the requisite probable cause necessary to necessitate a warrantless search. Because probable cause was not present, we need not reach the second prong of the test requiring an exigent circumstance. The trial court did not err in granting Triana's motion to suppress the evidence obtained during the search of Triana and Hoffman's residence. The State's issue is overruled.

## CONCLUSION

The State failed to establish the trial court erred in suppressing evidence gathered during a warrantless search.  Accordingly, we affirm the ruling of the trial court.


Catherine Stone, Chief Justice

Publish