*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*




## OPINION

No. 04-10-00679-CR

Jorge Alberto **RAMIREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 1992(9129972507) TRN
Honorable Jose A. Lopez, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  April 6, 2011

AFFIRMED

After the trial court denied his motion to suppress, appellant Jorge Alberto Ramirez pled guilty to possession of a controlled substance.[1]  The trial court sentenced Ramirez to ten years probation.  On appeal, Ramirez raises a single issue contending the trial court erred in denying his motion to suppress because the search warrant was invalid because it failed to describe the items to be seized or the place to be searched.  We affirm.

---

[1] Ramirez pled guilty pursuant to a written plea bargain agreement with the State.  As part of that agreement, Ramirez reserved the right to appeal the denial of the motion to suppress.

## BACKGROUND

In January 2009, law enforcement officials searched Ramirez's home in San Ignacio, Zapata County, Texas. The search was conducted pursuant to a warrant signed by a local magistrate. During the search, officers found and seized cocaine and drug paraphernalia. Ramirez was subsequently indicted for possession of cocaine.

Before trial, Ramirez filed a motion to suppress the items seized from his home, arguing the search warrant was invalid because it did not identify with sufficient particularity the items to be seized or the place or person to be searched. Ramirez claimed that because the warrant lacked the necessary specificity, the search and seizure was conducted in violation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution, Article I, section 9 of the Texas Constitution, and article 18.04 of the Texas Code of Criminal Procedure. At the hearing, Ramirez and the State agreed the trial court was presented with a legal question concerning the validity of the warrant. After arguments of counsel, the trial court denied the motion. After his motion was denied, Ramirez entered into a plea bargain agreement with the State pursuant to which he pled guilty and was sentenced to probation. As part of the plea agreement, the trial court granted Ramirez permission to appeal the denial of the motion to suppress.

## ANALYSIS

In a single issue, Ramirez contends the trial court erred in denying his motion to suppress because the warrant was invalid due to its failure to describe with particularity the place or person to be searched or the items to be seized. The State counters, as it did at the suppression hearing, that the affidavit in support of the search warrant, which was incorporated into the warrant by reference, signed by the magistrate, and described with particularity the items to be

seized and the place to be searched, rendered the warrant valid. Ramirez replies that because the State did not prove the affidavit accompanied the warrant during the search of Ramirez's home, the affidavit cannot validate the warrant.

We review a trial court's ruling on a motion to suppress for abuse of discretion. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008); *State v. Triana*, 293 S.W.3d 224, 226 (Tex. App.—San Antonio 2009, pet. ref'd). We give great deference to the trial court's determination of historical facts, especially those based upon a witness's credibility and demeanor, but review de novo the application of the law to those facts. *Id*. When a trial court's ruling does not turn on the credibility or demeanor of witnesses, as in this case, we apply a pure de novo standard of review. *See Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Romo v. State*, 315 S.W.3d 565, 571 (Tex. App.—Fort Worth 2010, pet. ref'd).

The Fourth Amendment states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and *particularly describing the place to be searched, and the persons or things to be seized*." U.S. CONST. amend. IV (emphasis added). This requirement is also found in Article I, Section 9 of the Texas Constitution, and in article 18.04 of the Texas Code of Criminal Procedure ("the Code"). TEX. CONST. art. I, § 9; TEX. CODE CRIM. PROC. art. 18.04(2) (West 2005). It is undisputed that the face of the warrant in this case did not comply with the constitutional or statutory requirements regarding particularity of description, and by itself would be invalid under the above-referenced constitutional and statutory provisions.[2] *See* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; TEX. CODE CRIM. PROC. art. 18.04. However, the warrant incorporated the supporting affidavit by reference, and the affidavit specifically

---

[2] The warrant states, in pertinent part that the officers are "commanded to enter the suspected place and premises and to search the suspected person described in said Affidavit and to there search for the property described in said Affidavit and to seize the same and bring it before me." Clearly, the warrant does not describe the place or person to be searched, and it does not describe the property to be seized.

identified the place to be searched, the property to be seized, and the person to be arrested. The warrant specifically stated an affidavit is attached to the warrant and "is by this reference incorporated herein for all purposes." Both the warrant and its supporting affidavit were admitted into evidence at the suppression hearing.

It is well-settled law in Texas that a description contained in an affidavit controls the description contained in the warrant. *Riojas v. State*, 530 S.W.2d 298, 303 (Tex. Crim. App. 1975) (citing *McTyre v. State*, 113 Tex. Cr. R., 19 S.W.2d 49 (1929)). And therefore, if the description in the affidavit is compliant with the constitutional and statutory requirements regarding particularity of the description of the place or person to be searched and the items to be seized, the warrant itself is valid even if standing alone it would not meet those requirements. *See, e.g., Madrid v. State*, 595 S.W.2d 106, 107 (Tex. Crim. App. 1979) (holding statement in supporting affidavit that place to be searched was 4610 Alberta #3 rendered warrant sufficiently particular as description in affidavit controls description in warrant); *Phenix v. State*, 488 S.W.2d 759, 764 (Tex. Crim. App. 1972) (holding search warrant's incorporation by reference of affidavit was sufficient to make description of place to be searched part of warrant itself). The affidavit controls because it is the "actual instrument upon which validity of the search must succeed or fail, and thus is usually more specific and precise in reciting the information known to an affiant than is the warrant which follows." *Affatato v. State*, 169 S.W.3d 313, 317 (Tex. App.—Austin 2005, no pet.).

The affidavit in this case was, according to the warrant, attached and incorporated into the warrant by reference. And, the affidavit is clearly sufficiently specific to meet the mandates of the Fourth Amendment, the Texas Constitution, and article 18.04 of the Code. The affidavit describes the place to be searched as:

A white in color with green trim single-wide mobile home located on 4129 North U.S. Hwy 83, Zapata County, Texas. The front entrance to the residence faces east and the back door of the residence faces to the west. A circular driveway is located on the east side of the residence. A driveway is located on the north side of the residence which lead [sic] to a white in color with red shingled roof three car port, located on the north west side of the property.

The affidavit further states that the described premises are controlled by Ramirez, and that officers intend to search for a "useable amount of controlled substance, to wit: Cocaine." Ramirez does not dispute sufficiency or specificity of the affidavit. Rather, Ramirez contends the State could not rely upon the affidavit to validate the warrant because the State did not establish the affidavit "accompanied the warrant during the search of Ramirez's home." We find this argument without merit for two reasons.

First, assuming it was the State's burden to establish the affidavit "accompanied" the warrant during the search, we hold the State met that burden. At the suppression hearing, the State introduced the search warrant and the affidavit into evidence, and both documents were admitted into evidence by the trial court without objection. The warrant specifically states the affidavit is attached to the warrant–"the Affiant whose signature is affixed to the Affidavit *attached hereto* is a State of Texas Peace Officer . . ." (emphasis added). This is proof the affidavit was attached to the warrant, and Ramirez made no showing that it was subsequently detached.

Second, Texas law does not require that the affidavit be attached to the warrant at the time of the search. Section 18.06 of the Code requires that at the time of a search, the officer executing the warrant is to "present a copy of the warrant" to the owner of the premises being searched. TEX. CODE CRIM. PROC. art. 18.06(b). The officer is not required to give a copy of the affidavit to the premises owner. *Id*. Thus, even if the warrant and affidavit had become

separated by the time Ramirez's home was searched, this did not invalidate the warrant.[3] *See id.*; *see also Turner v. State*, 886 S.W.2d 859, 864 (Tex. App.—Beaumont 1994, pet. ref'd) (holding that failure of affidavit to be physically attached to warrant did not invalidate warrant as officer not statutorily required to serve affidavit with warrant).

Ramirez relies upon the Supreme Court's opinion in *Groh v. Ramirez* to support his contention that the warrant cannot be construed with reference to the affidavit because the affidavit did not accompany the warrant during the search. 540 U.S. 551, 558 (2004). According to Ramirez, the Supreme Court established a rule in *Groh* that a warrant may not be construed with reference to supporting documentation unless the supporting document accompanies the warrant at the time of the search. *See id.* We have reviewed *Groh* and find it does not hold as Ramirez suggests. *See id.* Rather, in *Groh*, the Supreme Court merely acknowledged that a majority of federal circuit courts require that to construe a warrant with reference to supporting documentation for purposes of establishing particularity, the supporting documentation must be incorporated into the warrant by reference and be attached to the warrant. *Id.* However, the Court then noted that in the case before it, neither requirement was satisfied and it refused to further consider the issue. *Id.* *Groh* therefore does not support Ramirez's argument.

## CONCLUSION

Based on the foregoing, we hold the search warrant was not invalid due to a failure to describe with particularity the items to be seized or the person or place to be searched. The accompanying affidavit was sufficient to validate the warrant, and the evidence from the

---

[3] Notably, this court has held that even the failure of police to provide a copy of the search warrant will not support a reversal in the absence of a showing of injury by the defendant. *Robles v. State*, 711 S.W.2d 752, 753 (Tex. App.—San Antonio 1986, pet. ref'd). Here, Ramirez has not even alleged harm or injury, i.e., that the wrong house was searched, etc. If the failure to provide the warrant is not error in the absence of a showing of harm, certainly any failure to have the affidavit attached to the warrant would not be error in the absence of a showing of harm. *See id.*

suppression hearing proves the affidavit was attached to the warrant, and even if later detached, this did not invalidate the warrant. The trial court did not, therefore, err in denying the motion to suppress. Accordingly, we overrule Ramirez's sole issue and affirm the trial court's judgment.

Marialyn Barnard, Justice

Publish