

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-11-00011-CR

MICHAEL GREENE                                             APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

----------

## OPINION

----------

Michael Greene pled guilty to possession of less than one gram of methamphetamine pursuant to a plea bargain. In two points, he challenges the denial of his pretrial motion to suppress and the trial court's failure to issue written findings of fact and conclusions of law supporting its decision. *See* Tex. R. App. P. 25.2(a)(2) (allowing appeal of matters raised by written and ruled upon pretrial motion). We affirm.

## Background

At the suppression hearing, Detective Steve Buchanan of the Denton Police Department testified that Judge Richard Podgorski signed a search warrant for appellant's residence, a mobile home, on September 25, 2009. Detective Buchanan was present for the execution of the warrant. When asked if the police gave appellant a copy of the warrant, Detective Buchanan testified that they gave appellant a copy and that "[h]e would [also] have been given a copy of all the items that were removed from his residence." Detective Buchanan explained that "[t]he inventory is usually on a separate sheet of paper [or] on the back of the actual copy he was given."

Detective Buchanan admitted that the address to be searched was not shown on the face of the warrant but was instead included in the search warrant affidavit, which he signed as the affiant. The warrant states that the affidavit is "made part [of the warrant] for all purposes."[1] The police did not give appellant a copy of the affidavit when they gave him the warrant.

The defense questioned Detective Buchanan about another warrant issued that day for appellant's next-door neighbor's address that was exactly the same on its face except for the time of issuance, and the trial court admitted both into

---

[1]The face of the warrant also does not list the items to be seized, nor does it describe the limits of the search, but the affidavit includes such a description. When asked if the warrant "clearly incorporates the affidavit," Officer Buchanan answered yes.

evidence.[2]  Detective Buchanan was initially confused about which warrant was which until he noticed the time of issuance; he explained that the magistrate issued the warrant for appellant's residence at 2:05 p.m., which is shown on the face of the warrant.  Judge Podgorski signed the second warrant at 2:06 p.m.

Appellant testified that he only received the first page of the warrant and no other documents.  He did not know what the officers seized from his home.  He also confirmed that he was not allowed in the trailer while the police searched it; he stood by the edge of the road on his lot.

## Findings of Fact and Conclusions of Law

Appellant contends in his second point that the trial court violated his due process rights by failing to file written findings of fact and conclusions of law. Appellant orally requested findings and conclusions at the end of the suppression hearing, and the trial court told him, "Okay.  Put that in writing."  Although appellant did file a written request for findings and conclusions, he did not do so until twenty-four days after the hearing.

Because the trial court did not issue any written findings of fact and conclusions of law, we would ordinarily abate the appeal for the trial court to make such findings and conclusions.  *See State v. Cullen*, 195 S.W.3d 696, 700 (Tex. Crim. App. 2006); *Scheideman v. State*, No. 02-10-00154-CR, 2011 WL 2682948, at *1 (Tex. App.––Fort Worth May 17, 2011, abatement order).

---

[2]The affidavits for both warrants were also admitted into evidence.

3

However, before denying appellant's motion to suppress, the trial court dictated into the record excerpts from the case it found controlling of the issue. Appellant's proposed findings of fact and conclusions of law—which he filed after the trial court's verbal ruling denying the motion to suppress—do not differ significantly from the trial court's recitation in the record. Nor has appellant claimed that he is entitled to additional findings or conclusions. We do not believe that the lack of written findings and conclusions precludes us from being able to decide this case. *See* Tex. R. App. 44.1(a)(2). The court of criminal appeals held in *Cullen* that a trial court must make timely requested findings of fact and conclusions of law within twenty days after its ruling on a motion to suppress "if it has not already made oral findings on the record." *Cullen*, 195 S.W.3d at 699–700. Thus, because the trial court made its findings and conclusions on the record, we need not abate this appeal for it to commit those findings and conclusions to writing. *See id*.; *State v. Gerstenkorn*, 239 S.W.3d 357, 358 n.1 (Tex. App.—San Antonio 2007, no pet.); *Sawyer v. State*, No. 03-07-00450-CR, 2009 WL 722256, at *3 (Tex. App.—Austin Mar. 19, 2009, no pet.) (mem. op., not designated for publication) (op. on reh'g). We overrule appellant's second point.

## Validity of Search Pursuant to Warrant

In his first point, appellant contends that the search violated his federal and state constitutional rights because it was pursuant to a facially defective warrant,

which could not be cured by the incorporated affidavit because the police did not give him a copy of the affidavit along with the warrant at the time of the search.

**Standard of Review**

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

**Applicable Law**

In assessing the sufficiency of an affidavit for an arrest or a search warrant, the reviewing court is limited to the four corners of the affidavit. *Jones v. State*, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992), *cert. denied*, 507 U.S. 921 (1993). The reviewing court should interpret the affidavit in a common sense and realistic manner, recognizing that the magistrate was permitted to draw reasonable inferences. *Davis v. State*, 202 S.W.3d 149, 154 (Tex. Crim. App. 2006). To comply with the requirement that a warrant describe the place to be searched, all that is required is that the affidavit or search warrant describe the premises to be searched with sufficient definiteness to enable the officer

executing the warrant to locate the property and distinguish it from other places in the community. *Ex parte Flores*, 452 S.W.2d 443, 444 (Tex. Crim. App. 1970); *see* Tex. Const. art. 1, § 9 ("[N]o warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be . . . ."); Tex. Code Crim. Proc. Ann. arts. 1.06, 18.04 (West 2005). A warrant that does not contain the place to be searched, the items to be seized, or the person alleged to be in charge of the premises is not invalid provided that the warrant incorporates by reference a sufficiently specific affidavit to support it. *See Green v. State*, 799 S.W.2d 756, 760 (Tex. Crim. App. 1990); *Phenix v. State*, 488 S.W.2d 759, 764 (Tex. Crim. App. 1972). The description contained in the affidavit limits and controls the description contained in the warrant. *Long v. State*, 132 S.W.3d 443, 446 n.11 (Tex. Crim. App. 2004); *Riojas v. State*, 530 S.W.2d 298, 303 (Tex. Crim. App. 1975); *Ramirez v. State*, 345 S.W.3d 631, 633 (Tex. App.—San Antonio 2011, no pet.).

**Analysis**

Appellant challenges the trial court's ruling under both the Texas and federal constitutions.

Appellant relies on the United States Supreme Court's decision in *Groh v. Ramirez*, in which that court held a search warrant invalid for lack of particularity. 540 U.S. 551, 557–58, 124 S. Ct. 1284, 1289–90 (2004). However, that case is inapposite because the warrant in that case did not incorporate the application on which it was based. *Id*. In fact, in the opinion, the Court specifically stated, "We

6

do not say that the Fourth Amendment prohibits a warrant from cross-referencing other documents." *Id*. Although the Court noted that "most Courts of Appeals have held that a court may construe a warrant with reference to a supporting application or affidavit if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant," the Court did not reach the issue of whether such a warrant must be delivered to the person whose premises are being searched. *Id*.; *United States v. Hurwitz*, 459 F.3d 463, 471 (4th Cir. 2006) ("*Groh* simply acknowledges the approach generally followed by the Courts of Appeals.").

In denying the motion to suppress, the trial court stated that it was relying on a Fifth Circuit district court's opinion in *United States v. Silva*, in which the federal district court held that so long as a warrant incorporates an affidavit satisfying the particularity requirement, it is not necessary for purposes of determining the validity of the warrant that the affidavit actually be delivered to the defendant. *United States v. Silva*, No. SA-09-CR-203-XR, 2009 WL 1606453, at *4-5 (W.D. Tex. June 8, 2009) (order) (citing *Hurwitz*, 459 F.3d at 471; *United States v. Washington*, 852 F.2d 803, 805 (4th Cir.), *cert. denied*, 488 U.S. 974 (1988); *Baranski v. Fifteen Unknown ATF Agents*, 452 F.3d 433 (6th Cir. 2006), *cert. denied*, 541 U.S. 1321 (2007)). The trial court also found that appellant had not shown prejudice due to the lack of presentation of a copy of the affidavit and the lack of a return, "if that's true."

Although this court is not bound by Fifth Circuit precedent, we may consider it persuasive as well as cases from other circuit courts in determining Fourth Amendment issues. *See Ex parte Evans*, 338 S.W.3d 545, 555 (Tex. Crim. App. 2011). In the post-*Groh Hurwitz* case cited in *Silva*, the Fourth Circuit held,

> [T]he Fourth Amendment is not offended where the executing officer fails to leave a copy of the search warrant with the property owner following the search, *see United States v. Simons,* 206 F.3d 392, 403 (4th Cir. 2000), or fails even to carry the warrant during the search, *see Mazuz v. Maryland,* 442 F.3d 217, 229 (4th Cir. 2006). "[T]he requirement of particular description does not protect an interest in monitoring searches" or "engag[ing] the police in a debate" about the warrant. *United States v. Grubbs,* 547 U.S. 90, --, 126 S. Ct. 1494, 1501, 164 L. Ed. 2d 195 (2006). Rather, "[t]he Constitution protects property owners . . . by interposing, *ex ante,* the deliberate, impartial judgment of a judicial officer" and "by providing, *ex post,* a right to suppress evidence improperly obtained." *Id.* (internal quotation marks omitted). These protections are sufficient to ensure that the officer's search is properly limited and to provide assurance to the property owner that the executing officer enjoys the lawful authority to search for specific items.

*Hurwitz*, 459 F.3d at 472 (footnote omitted); *see also Baranski*, 452 F.3d at 444 (distinguishing validity of warrant pursuant to Warrant Clause from reasonableness of search under Reasonableness Clause and holding that while failure to deliver incorporated affidavit may affect reasonableness of search, it does not affect validity of warrant supported by incorporated affidavit); *United States v. Marx*, 635 F.2d 436, 441 (5th Cir. 1981) ("Failure to deliver a copy of the search warrant to the party whose premises were searched until the day after the search does not invalidate a search in the absence of a showing of

prejudice."). We believe the holdings of these courts to be persuasive, as did the trial court, especially in light of Texas law addressing the same issue.

Texas law does not require that a copy of the affidavit be given to the owner of the premises to be searched for the search to be valid, so long as the warrant clearly incorporates the affidavit and the affidavit provides the necessary particularity. *See, e.g.*, *Proctor v. State*, No. 11-09-00327-CR, 2011 WL 4820088, at \*5 (Tex. App.—Eastland Oct. 6, 2011, no pet. h.); *Ramirez*, 345 S.W.3d at 634 & n.3; *Ashcraft v. State*, 934 S.W.2d 727, 735–36 (Tex. App.—Corpus Christi 1996, pet. ref'd); *State v. Tipton*, 941 S.W.2d 152, 155–56 (Tex. App.—Corpus Christi 1996, pet. ref'd); *Turner v. State*, 886 S.W.2d 859, 864 (Tex. App.—Beaumont 1994, pet. ref'd); *Gonzales v. State*, 743 S.W.2d 718, 719 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd); *see also Faulkner v. State*, 537 S.W.2d 742, 744 (Tex. Crim. App. 1976) (holding that affidavit is made part of warrant when incorporated by reference and two are stapled together). Article 18.06(b) of the code of criminal procedure, which incorporates article 1, section 9 of the Texas constitution, requires only that the warrant and a written inventory be served upon the owner of the premises to be searched. Tex. Code Crim. Proc. Ann. art. 18.06(b) (West 2005); *Turner,* 886 S.W.2d at 864; *Gonzales,* 743 S.W.2d at 720; *see* Tex. Const. art. 1, § 9. And the failure to provide a copy of the warrant itself, an inventory, or both—required by article 18.06(b) to be provided upon a search pursuant to a warrant—does not require suppression of evidence absent a showing of prejudice. Tex. Code Crim. Proc. Ann. art.

9

18.06(b); *see Phenix*, 488 S.W.2d at 766; *Robles v. State*, 711 S.W.2d 752, 753 (Tex. App.—San Antonio 1986, pet. ref'd).

Here, the affidavit supporting the warrant was signed by Judge Podgorski as well as Detective Buchanan; the return, dated four days after the search, was signed by Detective Buchanan; and both were filed with the district clerk of Denton County. *See United States v. Allen*, 625 F.3d 830, 838–39 (5th Cir. 2010) (distinguishing search pursuant to facially invalid warrant without incorporation language from search in *Groh* because magistrate signed both the warrant and the supporting affidavit and therefore the good faith exception applied to validate search). The return states that officers seized a "Quantity of methamphetamines" and "Drug paraphernalia." Appellant does not dispute that the affidavit and warrant were presented together to Judge Podgorski. The "manifest purpose" of the particularity requirement is to prevent general searches; this "requirement ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." *Maryland v. Garrison*, 480 U.S. 79, 84, 107 S. Ct. 1013, 1016 (1987); *see Allen*, 625 F.3d at 839 ("[T]he magistrate judge's signature on the affidavit reduces the concern that he did not agree to the scope of the search as defined and limited therein."). Additionally, a warrant should also "assure[] the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search." *Groh*, 540 U.S. at 561, 124 S. Ct. at 1292 (quoting *United*

*States v. Chadwick*, 433 U.S. 1, 9, 97 S. Ct. 2476, 2482 (1977)). Nothing in the record about this particular search shows that officers ran afoul of the purpose of the particularity requirement by failing to present the affidavit to appellant at the time of the search.[3] *See Long*, 132 S.W.3d at 447 ("The constitutional objectives of requiring a 'particular' description of the place to be searched include: 1) ensuring that the officer searches the right place; 2) confirming that probable cause is, in fact, established for the place described in the warrant; 3) limiting the officer's discretion and narrowing the scope of his search; 4) minimizing the danger of mistakenly searching the person or property of an innocent bystander or property owner; and 5) informing the owner of the officer's authority to search that specific location."). Nor is there any evidence that appellant was prejudiced by the omission.[4] Accordingly, we conclude and hold that the failure to provide a copy of the affidavit with the search warrant did not render the search invalid under either the federal or state constitutions. We overrule appellant's first point.

---

[3] Detective Buchanan testified that the officers were only able to search a six by six area of the trailer because of the condition inside. According to appellant, the six by six area is his common area, but "the whole trailer is functional." The warrant specifically authorizes entry into the premises described in the affidavit, which is a "single width mobile home," described at length. Thus, there is no evidence that the search exceeded the scope of the warrant.

[4] For instance, appellant does not contend that the police exceeded the scope set forth in the affidavit. The police did not arrest appellant the day of the search; instead, they waited to arrest him until after they obtained lab results confirming that they had seized methamphetamine.

## Conclusion

Having overruled both of appellant's points, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DAUPHINOT, J. concurs without opinion in result only.

PUBLISH

DELIVERED:  November 17, 2011