02-11-011-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00011-CR

 

 


 
 
 Michael Greene
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM THE 367th
District Court OF Denton COUNTY

----------

 

OPINION

----------

 

          Michael
Greene pled guilty to possession of less than one gram of methamphetamine
pursuant to a plea bargain.  In two points, he challenges the denial of his pretrial
motion to suppress and the trial court’s failure to issue written findings of
fact and conclusions of law supporting its decision.  See Tex. R. App.
P. 25.2(a)(2) (allowing appeal of matters raised by written and ruled upon
pretrial motion).  We affirm.

Background

At
the suppression hearing, Detective Steve Buchanan of the Denton Police
Department testified that Judge Richard Podgorski signed a search warrant for
appellant’s residence, a mobile home, on September 25, 2009.  Detective
Buchanan was present for the execution of the warrant.  When asked if the
police gave appellant a copy of the warrant, Detective Buchanan testified that they
gave appellant a copy and that “[h]e would [also] have been given a copy of all
the items that were removed from his residence.”  Detective Buchanan explained
that “[t]he inventory is usually on a separate sheet of paper [or] on the back
of the actual copy he was given.”

Detective
Buchanan admitted that the address to be searched was not shown on the face of
the warrant but was instead included in the search warrant affidavit, which he
signed as the affiant.  The warrant states that the affidavit is “made part [of
the warrant] for all purposes.”[1]  The police did not give
appellant a copy of the affidavit when they gave him the warrant.

The
defense questioned Detective Buchanan about another warrant issued that day for
appellant’s next-door neighbor’s address that was exactly the same on its face
except for the time of issuance, and the trial court admitted both into
evidence.[2]  Detective Buchanan was
initially confused about which warrant was which until he noticed the time of
issuance; he explained that the magistrate issued the warrant for appellant’s
residence at 2:05 p.m., which is shown on the face of the warrant.  Judge
Podgorski signed the second warrant at 2:06 p.m.

          Appellant
testified that he only received the first page of the warrant and no other
documents.  He did not know what the officers seized from his home.  He also
confirmed that he was not allowed in the trailer while the police searched it;
he stood by the edge of the road on his lot.

Findings
of Fact and Conclusions of Law

          Appellant
contends in his second point that the trial court violated his due process
rights by failing to file written findings of fact and conclusions of law.  Appellant
orally requested findings and conclusions at the end of the suppression hearing,
and the trial court told him, “Okay.  Put that in writing.”  Although appellant
did file a written request for findings and conclusions, he did not do so until
twenty-four days after the hearing.

Because
the trial court did not issue any written findings of fact and conclusions of
law, we would ordinarily abate the appeal for the trial court to make such
findings and conclusions.  See State v. Cullen, 195 S.W.3d 696, 700
(Tex. Crim. App. 2006); Scheideman v. State, No. 02-10-00154-CR, 2011 WL
2682948, at *1 (Tex. App.––Fort Worth May 17, 2011, abatement order).  However,
before denying appellant’s motion to suppress, the trial court dictated into the
record excerpts from the case it found controlling of the issue.  Appellant’s
proposed findings of fact and conclusions of law––which he filed after the
trial court’s verbal ruling denying the motion to suppress––do not differ
significantly from the trial court’s recitation in the record.  Nor has appellant
claimed that he is entitled to additional findings or conclusions.  We do not believe
that the lack of written findings and conclusions precludes us from being able
to decide this case.  See Tex. R. App. 44.1(a)(2).  The court of
criminal appeals held in Cullen that a trial court must make timely
requested findings of fact and conclusions of law within twenty days after its
ruling on a motion to suppress “if it has not already made oral findings on the
record.”  Cullen, 195 S.W.3d at 699–700.  Thus, because the trial court
made its findings and conclusions on the record, we need not abate this appeal
for it to commit those findings and conclusions to writing.  See id.; State
v. Gerstenkorn, 239 S.W.3d 357, 358 n.1 (Tex. App.––San Antonio 2007, no
pet.); Sawyer v. State, No. 03-07-00450-CR, 2009 WL 722256, at *3 (Tex.
App.––Austin Mar. 19, 2009, no pet.) (mem. op., not designated for publication)
(op. on reh’g).  We overrule appellant’s second point.

Validity of Search Pursuant to Warrant

In his first point, appellant contends that
the search violated his federal and state constitutional rights because it was
pursuant to a facially defective warrant, which could not be cured by the
incorporated affidavit because the police did not give him a copy of the
affidavit along with the warrant at the time of the search.

Standard
of Review

We
review a trial court’s ruling on a motion to suppress evidence under a
bifurcated standard of review.  Amador v. State, 221 S.W.3d 666, 673
(Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).  We give almost total deference to a trial court’s rulings on
questions of historical fact and application-of-law-to-fact questions that turn
on an evaluation of credibility and demeanor, but we review de novo
application-of-law-to-fact questions that do not turn on credibility and
demeanor.  Amador, 221 S.W.3d at 673; Estrada v. State, 154
S.W.3d 604, 607 (Tex. Crim. App. 2005); Johnson v. State, 68 S.W.3d 644,
652–53 (Tex. Crim. App. 2002).

Applicable
Law

In
assessing the sufficiency of an affidavit for an arrest or a search warrant,
the reviewing court is limited to the four corners of the affidavit.  Jones
v. State, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992), cert. denied,
507 U.S. 921 (1993).  The reviewing court should interpret the affidavit in a
common sense and realistic manner, recognizing that the magistrate was
permitted to draw reasonable inferences.  Davis v. State, 202 S.W.3d
149, 154 (Tex. Crim. App. 2006).  To comply with the requirement that a warrant
describe the place to be searched, all that is required is that the affidavit
or search warrant describe the premises to be searched with sufficient
definiteness to enable the officer executing the warrant to locate the property
and distinguish it from other places in the community.  Ex parte Flores,
452 S.W.2d 443, 444 (Tex. Crim. App. 1970); see Tex. Const. art. 1, § 9
(“[N]o warrant to search any place, or to seize any person or thing, shall
issue without describing them as near as may be . . . .”); Tex. Code Crim.
Proc. Ann. arts. 1.06, 18.04 (West 2005).  A warrant that does not contain the
place to be searched, the items to be seized, or the person alleged to be in
charge of the premises is not invalid provided that the warrant incorporates by
reference a sufficiently specific affidavit to support it.  See Green v.
State, 799 S.W.2d 756, 760 (Tex. Crim. App. 1990); Phenix v. State,
488 S.W.2d 759, 764 (Tex. Crim. App. 1972).  The description contained in the
affidavit limits and controls the description contained in the warrant.  Long
v. State, 132 S.W.3d 443, 446 n.11 (Tex. Crim. App. 2004); Riojas v.
State, 530 S.W.2d 298, 303 (Tex. Crim. App. 1975); Ramirez v. State,
345 S.W.3d 631, 633 (Tex. App.––San Antonio 2011, no pet.).

          Analysis

Appellant
challenges the trial court’s ruling under both the Texas and federal
constitutions.

Appellant
relies on the United States Supreme Court’s decision in Groh v. Ramirez,
in which that court held a search warrant invalid for lack of particularity. 
540 U.S. 551, 557–58, 124 S. Ct. 1284, 1289–90 (2004).  However, that case is
inapposite because the warrant in that case did not incorporate the application
on which it was based.  Id.  In fact, in the opinion, the Court
specifically stated, “We do not say that the Fourth Amendment prohibits a
warrant from cross-referencing other documents.”  Id.  Although the
Court noted that “most Courts of Appeals have held that a court may construe a
warrant with reference to a supporting application or affidavit if the warrant uses
appropriate words of incorporation, and if the supporting document accompanies
the warrant,” the Court did not reach the issue of whether such a warrant must
be delivered to the person whose premises are being searched.  Id.; United
States v. Hurwitz, 459 F.3d 463, 471 (4th Cir. 2006) (“Groh simply
acknowledges the approach generally followed by the Courts of Appeals.”).

In
denying the motion to suppress, the trial court stated that it was relying on a
Fifth Circuit district court’s opinion in United States v. Silva, in
which the federal district court held that so long as a warrant incorporates an
affidavit satisfying the particularity requirement, it is not necessary for
purposes of determining the validity of the warrant that the affidavit actually
be delivered to the defendant.  United States v. Silva, No.
SA-09-CR-203-XR, 2009 WL 1606453, at *4-5 (W.D. Tex. June 8, 2009) (order) (citing
Hurwitz, 459 F.3d at 471; United States v. Washington, 852 F.2d
803, 805 (4th Cir.), cert. denied, 488 U.S. 974 (1988); Baranski v.
Fifteen Unknown ATF Agents, 452 F.3d 433 (6th Cir. 2006), cert. denied,
541 U.S. 1321 (2007)).  The trial court also found that appellant had not shown
prejudice due to the lack of presentation of a copy of the affidavit and the
lack of a return, “if that’s true.”

          Although
this court is not bound by Fifth Circuit precedent, we may consider it
persuasive as well as cases from other circuit courts in determining Fourth
Amendment issues.  See Ex parte Evans, 338 S.W.3d 545, 555 (Tex. Crim.
App. 2011).  In the post-Groh Hurwitz case cited in Silva,
the Fourth Circuit held,

[T]he Fourth
Amendment is not offended where the executing officer fails to leave a copy of
the search warrant with the property owner following the search, see United
States v. Simons, 206 F.3d 392, 403 (4th Cir. 2000), or fails even to carry
the warrant during the search, see Mazuz v. Maryland, 442 F.3d 217, 229
(4th Cir. 2006).  “[T]he requirement of particular description does not protect
an interest in monitoring searches” or “engag[ing] the police in a debate”
about the warrant.  United States v. Grubbs, 547 U.S. 90, --, 126 S. Ct.
1494, 1501, 164 L. Ed. 2d 195 (2006).  Rather, “[t]he Constitution protects
property owners . . . by interposing, ex ante, the deliberate, impartial
judgment of a judicial officer” and “by providing, ex post, a right to
suppress evidence improperly obtained.”  Id. (internal quotation marks
omitted).  These protections are sufficient to ensure that the officer’s search
is properly limited and to provide assurance to the property owner that the executing
officer enjoys the lawful authority to search for specific items.

Hurwitz,
459 F.3d at 472 (footnote omitted); see also Baranski, 452 F.3d at 444
(distinguishing validity of warrant pursuant to Warrant Clause from
reasonableness of search under Reasonableness Clause and holding that while failure
to deliver incorporated affidavit may affect reasonableness of search, it does
not affect validity of warrant supported by incorporated affidavit); United
States v. Marx, 635 F.2d 436, 441 (5th Cir. 1981) (“Failure to deliver a
copy of the search warrant to the party whose premises were searched until the
day after the search does not invalidate a search in the absence of a showing
of prejudice.”).  We believe the holdings of these courts to be persuasive, as
did the trial court, especially in light of Texas law addressing the same
issue.

Texas
law does not require that a copy of the affidavit be given to the owner of the
premises to be searched for the search to be valid, so long as the warrant
clearly incorporates the affidavit and the affidavit provides the necessary
particularity.  See, e.g., Proctor v. State, No. 11-09-00327-CR,
2011 WL 4820088, at *5 (Tex. App.––Eastland Oct. 6, 2011, no pet. h.); Ramirez,
345 S.W.3d at 634 & n.3; Ashcraft v. State, 934 S.W.2d 727, 735–36
(Tex. App.––Corpus Christi 1996, pet. ref’d); State v. Tipton, 941
S.W.2d 152, 155–56 (Tex. App.––Corpus Christi 1996, pet. ref’d); Turner v.
State, 886 S.W.2d 859, 864 (Tex. App.––Beaumont 1994, pet. ref’d); Gonzales
v. State, 743 S.W.2d 718, 719 (Tex. App.––Houston [14th Dist.] 1987, pet.
ref’d); see also Faulkner v. State, 537 S.W.2d 742, 744 (Tex. Crim. App.
1976) (holding that affidavit is made part of warrant when incorporated by
reference and two are stapled together).  Article 18.06(b) of the code of
criminal procedure, which incorporates article 1, section 9 of the Texas
constitution, requires only that the warrant and a written inventory be served
upon the owner of the premises to be searched.  Tex. Code Crim. Proc. Ann. art.
18.06(b) (West 2005); Turner, 886 S.W.2d at 864; Gonzales, 743
S.W.2d at 720; see Tex. Const. art. 1, § 9.  And the failure to provide
a copy of the warrant itself, an inventory, or both––required by article
18.06(b) to be provided upon a search pursuant to a warrant––does not require
suppression of evidence absent a showing of prejudice.  Tex. Code Crim. Proc.
Ann. art. 18.06(b); see Phenix, 488 S.W.2d at 766; Robles v. State,
711 S.W.2d 752, 753 (Tex. App.––San Antonio 1986, pet. ref’d).

Here,
the affidavit supporting the warrant was signed by Judge Podgorski as well as
Detective Buchanan; the return, dated four days after the search, was signed by
Detective Buchanan; and both were filed with the district clerk of Denton
County.  See United States v. Allen, 625 F.3d 830, 838–39 (5th Cir.
2010) (distinguishing search pursuant to facially invalid warrant without
incorporation language from search in Groh because magistrate signed
both the warrant and the supporting affidavit and therefore the good faith
exception applied to validate search).  The return states that officers seized
a “Quantity of methamphetamines” and “Drug paraphernalia.”  Appellant does not
dispute that the affidavit and warrant were presented together to Judge
Podgorski.  The “manifest purpose” of the particularity requirement is to
prevent general searches; this “requirement ensures that the search will be
carefully tailored to its justifications, and will not take on the character of
the wide-ranging exploratory searches the Framers intended to prohibit.”  Maryland
v. Garrison, 480 U.S. 79, 84, 107 S. Ct. 1013, 1016 (1987); see Allen,
625 F.3d at 839 (“[T]he magistrate judge’s signature on the affidavit reduces
the concern that he did not agree to the scope of the search as defined and
limited therein.”).  Additionally, a warrant should also “assure[] the
individual whose property is searched or seized of the lawful authority of the
executing officer, his need to search, and the limits of his power to search.” 
Groh, 540 U.S. at 561, 124 S. Ct. at 1292 (quoting United States v.
Chadwick, 433 U.S. 1, 9, 97 S. Ct. 2476, 2482 (1977)).  Nothing in the
record about this particular search shows that officers ran afoul of the
purpose of the particularity requirement by failing to present the affidavit to
appellant at the time of the search.[3]  See Long, 132
S.W.3d at 447 (“The constitutional objectives of requiring a ‘particular’
description of the place to be searched include:  1) ensuring that the
officer searches the right place; 2) confirming that probable cause is, in
fact, established for the place described in the warrant; 3) limiting the
officer’s discretion and narrowing the scope of his search; 4) minimizing the
danger of mistakenly searching the person or property of an innocent bystander
or property owner; and 5) informing the owner of the officer’s authority to search
that specific location.”).  Nor is there any evidence that appellant was
prejudiced by the omission.[4]  Accordingly, we conclude
and hold that the failure to provide a copy of the affidavit with the search
warrant did not render the search invalid under either the federal or state constitutions. 
We overrule appellant’s first point.

Conclusion

          Having
overruled both of appellant’s points, we affirm the trial court’s judgment.

 

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and WALKER, JJ.

 

DAUPHINOT,
J. concurs without opinion in result only.

 

PUBLISH

 

DELIVERED:  November 17,
2011









[1]The face of the warrant
also does not list the items to be seized, nor does it describe the limits of
the search, but the affidavit includes such a description.  When asked if the
warrant “clearly incorporates the affidavit,” Officer Buchanan answered yes.





[2]The affidavits for both
warrants were also admitted into evidence.





[3]Detective Buchanan
testified that the officers were only able to search a six by six area of the
trailer because of the condition inside.  According to appellant, the six by
six area is his common area, but “the whole trailer is functional.”  The
warrant specifically authorizes entry into the premises described in the
affidavit, which is a “single width mobile home,” described at length.  Thus,
there is no evidence that the search exceeded the scope of the warrant.





[4]For instance, appellant
does not contend that the police exceeded the scope set forth in the
affidavit.  The police did not arrest appellant the day of the search; instead,
they waited to arrest him until after they obtained lab results confirming that
they had seized methamphetamine.