ACCEPTED
12-14-00232-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
1/27/2015 1:14:58 PM
CATHY LUSK
CLERK

No. 12-14-00232-CR

IN THE TYLER COURT OF APPEALS
TWELFTH JUDICIAL DISTRICT OF TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

1/27/2015 1:14:58 PM

CATHY S. LUSK
Clerk

FREDDIE FOREMAN
Appellant,

v.

THE STATE OF TEXAS
Appellee

On appeal from the
349TH Judicial District Court, Houston County, Texas
Trial Cause No. 13CR-184

**BRIEF FOR THE APPELLEE**

Donna G. Kaspar
District Attorney for Houston County
401 E. Houston Ave., Basement Floor
Crockett, Texas  75835
(936) 544-3255 x 245
(936) 544-2790 (FAX)
SBOT# 00785201

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:

Freddie Foreman

ATTORNEY FOR APPELLANT

Mark Cargill
701 N. Elm
Palestine, Texas  75801
(903) 729-8011

ATTORNEY FOR APPELLEE

Donna Gordon Kaspar, District Attorney
401 E. Houston Ave., Basement Floor
Crockett, Texas  75835
(936) 544-3255 ext.245
dgordon@co.houston.tx.us

# TABLE OF CONTENTS

Page

| | |
|---|---|
| Table of Contents | 3 |
| Index of Authorities | 4 |
| Issues Presented | 6 |
| Statement of Facts | 6 |
| Issue Number One Restated | 6 |
| Summary of the Argument | 6 |
| Argument | 7 |
| Prayer | 10 |
| Certificate of Service | 11 |
| Certificate of Word Compliance | 11 |

# INDEX OF AUTHORITIES

Page

## Cases

*Madden v. State*, 242 S.W.3d 504 (Tex. Crim. App. 2007)    7

*Robinson v. State*, 377 S.W.3d 712 (Tex.Crim.App. 2012)    8

*Robles v. State*, 711 S.W.2d 752, 753 (Tex. App.-San Antonio 1986, pet. ref'd)    9

## Statutes

Article 38.23(a)    7

Tex. Code Crim. Proc. art. 1.06    9

No. 12-14-00232-CR

IN THE TYLER COURT OF APPEALS
TWELFTH JUDICIAL DISTRICT OF TEXAS

FREDDIE FOREMAN,

Appellant

vs.

THE STATE OF TEXAS,

Appellee

On appeal From the
349th Judicial District Court, Houston County, Texas
Trial Cause No. 13CR-184

**BRIEF FOR THE APPELLEE**

TO THE HONORABLE TYLER COURT OF APPEALS:

NOW COMES, Donna Gordon Kaspar, District Attorney for

Houston County, and respectfully submits her Brief for the Appellee,

requesting that this Court affirm the judgment of the Trial Court.

## ISSUES PRESENTED

1. The trial court did not err in denying Defendant's requested jury instruction.

## STATEMENT OF FACTS

Defendant requested an Art. 38.23 instruction to the jury claiming there were factual issues that the jury must decide to determine if the evidence was illegally seized in this case. (R.R., Vol. 1, p. 184). The prosecutor argued that there were no factual issues presented. (R.R., Vol. 1, p. 185). The trial court denied the requested instruction. (R.R., Vol. 1, p. 190).

## ISSUE NUMBER ONE

The trial court did not err in denying Defendant's requested jury instruction.

## SUMMARY OF THE ARGUMENT

To be entitled to an Article 38.23(a) instruction, the Court of Criminal Appeals held in *Madden*, the defendant must show that (1) an issue of historical fact was raised in front of the jury; (2) the fact was contested by affirmative evidence at trial; and (3) the fact is material to the constitutional or statutory violation that the defendant has identified as rendering the particular evidence inadmissible. Since the issues raised by the evidence at trial do not involve controverted historical facts, but only the proper application of the law to

6

undisputed facts, the issues were properly left to the determination of the trial court and not the jury in this case.

ARGUMENT

Under Article 38.23(a), "[n]o evidence obtained by an officer . . . in violation of any provisions of the Constitution or laws . . . shall be admitted in evidence against the accused" at trial. When evidence presented before the jury raises a question of whether the fruits of a police-initiated search or arrest were illegally obtained, "the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained." To be entitled to an Article 38.23(a) instruction, the Court of Criminal Appeals held in *Madden*, the defendant must show that (1) an issue of historical fact was raised in front of the jury; (2) the fact was contested by affirmative evidence at trial; and (3) the fact is material to the constitutional or statutory violation that the defendant has identified as rendering the particular evidence inadmissible. *Madden v. State*, 242 S.W.3d 504 (Tex. Crim. App. 2007). When a disputed, material issue of fact is successfully raised, the terms of the statute are mandatory, and the jury must be instructed accordingly. Evidence to justify an Article 38.23(a) instruction can derive "from any source," no matter whether "strong, weak, contradicted, unimpeached,

7

or unbelievable."  But it must, in any event, raise a "*factual* dispute about how the evidence was obtained."  Where the issue raised by the evidence at trial does not involve controverted historical facts, but only the proper application of the law to undisputed facts, that issue is properly left to the determination of the trial court.  *Robinson v. State*, 377 S.W.3d 712 (Tex.Crim.App. 2012).

In his brief, Appellant argues that an Art. 38.23 instruction is required because a factual issue was raised in the illegality of the seized evidence because the officer exceeded the scope of the search warrant and had no probable cause to search Defendant's room.  In his brief, He points to testimony from the trial that he believes shows factual issues.

At trial, defense counsel responded to the trial court as follows:

> THE COURT: Let me ask you, what evidence have
> we heard that would give rise to that instruction?
> MR. CARGILL: In regards to the -- the
> information -- the pictures being changed, the material
> being placed. That the scope was exceeded and the fact
> that my client wasn't served a search warrant under Rule
> 18. (R.R., Vol. 1, p. 185).

The scope of the search warrant is a legal question, as is, whether probable cause exists.  There must be a factual dispute that calls into question what the scope of the warrant was or what the basis of the probable cause was.  A careful reading of the transcript shows

8

that there is no factual issue raised in the evidence and, as such, no Art. 38.23 instruction is required. Testimony from Officer Smith outlined the scope of the search as 218 Wood St., Crockett, Texas and nothing indicated the scope of the search was exceeded. (R.R. Vol. 1, pp. 106, 109-110, 114, 122). Also, a search warrant may not legally issue unless it is based on probable cause. *Tex. Code Crim. Proc. art. 1.06*. There simply is no factual dispute with regard to scope of the search or of probable cause to search.

Appellant argued during the trial that an instruction should be given because he was not given a copy of the search warrant. There was testimony that Freddie Foreman was given a copy of the search warrant both at the house and at the jail. (R.R. Vol. 1, p. 122). The defense put on testimony that there were no papers in Mr. Foreman's jail property. The jail administrator also testified that if the papers were given to Mr. Foreman after he was booked into the jail, the papers would not be reflected in the jail records. (R.R. Vol. 1, pp. 180-181). Therefore, there is no factual dispute raised. However, even if there were a dispute about the service of the search warrant, it has been held that the failure of a police officer to deliver a copy of the search warrant to the defendant does not require suppression of the seized evidence absent a showing of prejudice. *Robles v. State*, 711 S.W.2d 752, 753 (Tex. App.-San Antonio 1986, pet. ref'd). Foreman

does not argue that the warrant was not issued before the search, nor does he suggest in this situation how the officer's failure to give him a copy of the warrant at the time of the search caused prejudice. In light of the circumstances surrounding execution of this search warrant, the jury could not disregard the evidence based on its finding that the search warrant was not served on Mr. Foreman. Therefore, a 39.23(a) instruction would have been improper.

Appellant also argued at trial that a factual issue was raised because pictures were changed and material was placed. There was no evidence that pictures were changed or any material placed. Defense counsel tried to infer that the pictures were changed and the drugs were placed in Mr. Foreman's room through his questioning of the witnesses but the officer's response to those questions did not raise any factual disputes. Since the issues raised by the evidence at trial do not involve controverted historical facts, but only the proper application of the law to undisputed facts, the issues were properly left to the determination of the trial court and not the jury in this case.

PRAYER

WHEREFORE, PREMISES CONSIDERED, the State respectfully prays that the Court affirm the judgment of the Trial Court in this cause.

Respectfully Submitted,

10

*Donna G. Kaspar*
_____
Donna G. Kaspar
District Attorney for Houston County
401 E. Houston Ave.
Crockett, Texas  75835
(936) 544-3255 x 245
(936) 544-2790 (FAX)
SBOT# 00785201

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Appellee's Brief was served on counsel of record on this the 27TH day of January, 2015.

*Donna G. Kaspar*
_____
Donna G. Kaspar

## CERTIFICATE OF WORD COMPLIANCE

District Attorney, Donna Gordon Kaspar, on this the 27TH day of January, 2015, hereby certifies this document has 1,528 word count, including captions and table of contents.

*Donna G. Kaspar*
_____
Donna G. Kaspar